TAYLOR v. THE FRENCH LUMBERING COMPANY.

1. **Referee**: REPORT OF. The report of a referee is to be regarded as the verdict of a jury, and will be sustained unless there is such an absence of proof as to authorize the conclusion that it was not the result of the exercise of an honest, intelligent and unprejudiced judgment.

2. **Evidence**: EXPERT: LEASE. In an action for rent of a mill under a lease which provided that the lessor should put the mill in good running order, it was competent to inquire of a millwright whether certain repairs and additions were necessary to put the mill in such condition.

*Appeal from Allamakee District Court.*

THURSDAY, MARCH 21.

ACTION at law to recover rent due on a lease of a saw mill situated in Chippewa county, Wisconsin. The cause was sent to a referee who reported the sum of $1421.31 due the plaintiff for rent. Judgment was entered upon the report, from which defendant appeals. The facts of the case involved in the questions decided are set out in the opinion.

*Bailey & McCaslin*, for appellant.

*Kinne & Clark*, for appellee.

BECK, J.—I. The lease, which is the foundation of this suit, is for a saw mill of which plaintiff owned an undivided interest of two-thirds; this interest he leased to defendants for the season of 1873. He covenants in the lease "to pay the two-thirds of the amount of the costs actually and necessarily expended, and which is required to be so laid out and expended, in and about fitting up and repairing said mill so as to put the same in good condition and repair for the season's sawing."

The defendant bound itself to put the mill in good running order and repair for sawing at its own expense, except the amount to be paid by plaintiff under his covenant; to keep the mill in good repair at its own expense, except that repairs occasioned by unavoidable accidents requiring expendi-

tures of $50 or more were to be paid for by plaintiff; to manu-
facture at the mill all lumber its capacity will· allow, and to
pay to plaintiffs for the use of the mill the sum of 67 cents for
each ·thousand feet sawed by defendant. The manner of ascer-
taining the quantity of lumber sawed is prescribed by the
lease, and it is stipulated that the amount expended by defend-
ant in repairing the mill· is to be paid in discharge of the rent
first due under the lease. Other covenants and conditions of
the lease need not be stated here.

The answer of defendant pleads payment and sets up certain
counter-claims. The issues thus joined required the referee
to determine the quantity of lumber sawed by the defendant in
the mill during the term for which it was leased, the amounts·
expended by defendant in putting the mill in running condi-
tion and in keeping it in repair, which under the terms of the
lease were to be regarded as payments, and certain counter-
claims set up by the defendant.

II. The principal ground of complaint by defendant against
the judgment is that the findings of the referee are not sup-
ported by the testimony, and the District Court, therefore, erro-
neously overruled a motion to set aside the report based upon
this ground.

After a very patient and careful examination of the abstract
we have reached the conclusion that it is impossible to state,
**1. REFEREE:** with any degree of accuracy, the accounts of the
**report of.** parties from the testimony before us. It is cer-
tainly true that the findings of the referee are not without the
support of the evidence, which, however, on many items of the
different accounts is very conflicting. There is a difference in
the testimony of the respective parties as to the quantity of
lumber sawed amounting to 66,000 feet, making a difference
in the amount of rent due of less than $45. The plaintiff and
probably another witness testified to certain admissions and
statements made by one of the members of the defendant com-
pany and of the book-keeper of defendant, who was required
to measure the lumber and report the amount, as stated by the
witnesses; their evidence fixes the quantity of lumber sawed
at the highest figures just stated. The defendant showed the

figures relied upon by them from their books. This appears to be the better testimony, and, were we sitting in the place of the referee, would control our decision upon this question. But the report of the referee is to be regarded as a verdict of a jury and must not be held by us unsupported by testimony, unless there is such an absence of proof as to authorize the conclusion that it was not the result of the exercise of honest, intelligent and unprejudiced judgment. We cannot say that the referee, in giving the greater weight to plaintiff's evidence, on this point, so decided.

III. The same remarks are applicable to all the disputed items of the several accounts and to the questions raised involving the repairs made to the mill, whether they were or were not authorized by the lease.

Further discussion of this branch of the case would prove unprofitable. If entered upon, many pages would be required for the task. Our criticisms upon the testimony would be of value neither to the parties nor to the profession. We are not accustomed to discuss questions of fact of this character.

IV. The defendant offered testimony to show the payment of certain taxes levied upon the mill for the year 1873. It was rejected by the referee. We discover no error in this ruling. These taxes were pleaded as a counter-claim in the answer of defendant, but we find that in the progress of the case this claim was withdrawn.

V. A witness for plaintiff who was a millwright, a mill furnisher and a water-wheel builder, after the condition of the 2. EVIDENCE: mill at the beginning of defendant's time, or rather expert: lease. the condition of the gang saws and the terms of the lease requiring the mill to be put in good running order, were stated to him in a hypothetical case, was asked what repairs were necessary to put the gang saws in good running order. An objection to the question was overruled and the witness was permitted to answer it. This ruling is now made the ground of an objection.

It is insisted that the witness was called upon to construe the contract. But we do not so understand the record. The lease required the mill to be put in good running condition.

There was no dispute about this provision. But it was a matter of controversy whether certain repairs and additions made to the gang saws were necessary to put the mill in the order required by the lease. The witness was informed of the condition of the gang saws before the lease was executed, and was asked what repairs were required to put them in good running order. He was shown to be a millwright. The evidence was competent and the witness was shown to be qualified to give testimony of that character.

But it is said that the witness did, in his testimony, give a construction to the lease. If this be true, the objection cannot be urged here, for no such objection was made to the testimony in the court below; it cannot be first raised in this court. The objection raised upon the trial was to the effect that the *question* required, in its answer, the construction of the contract. The objection to the question was overruled on the ground that the question did not demand an answer construing the lease. As we have seen, this ruling was correct. If the answer was not responsive and gave a construction of the lease, the defendant should have then raised an objection, in order to authorize us to pass upon the question of the competency of the testimony.

It is also said that neither the question nor answer are competent, because they do not refer to the repairs necessary to put the saws in condition for "a season's sawing;" they simply contemplate work or expense necessary to put them in repair. No such objection was made to either the question or answer in the court below. It must have been first made there, as all other objections to testimony. We think the testimony must have been understood by the jury as relating to repairs for a "season's sawing," as that was involved in the very matter in dispute.

VI. The defendant is a co-partnership. It is so shown by the pleadings and the lease introduced in evidence. It is insisted that the admissions as to the quality of the lumber sawed by one of the firm was erroneously held to be competent evidence. It clearly appeared by the pleadings and the

lease itself that the party making the admissions was one of the partners. His admissions would bind the firm.

VII. Certain other matters are assigned for error, as that the report of the referee is indefinite and not specific as to the items of the several accounts in dispute, but they are not brought to our attention in the argument. They are to be regarded as erroneous. It may be here mentioned that the fault of the report just pointed out should have been corrected by re-committing it to the referee. This was not asked in the court below. We would not reverse the judgment for an error of this kind which could have been cured in the court below had the correction been sought there.

AFFIRMED.