LAVERENZ v. THE C., R. I. & P. R. Co.

1. **Practice**: GRANTING OF NEW TRIAL: REVIEW BY SUPREME COURT. An order granting a new trial will be interfered with by the Supreme Court only when there is no evidence upon which it can be sustained. Facts considered which were held insufficient to justify such interference.

2. ———: WAIVER OF ERROR. Where in an action to recover for personal injuries a motion asking the court to direct a verdict for defendant on the ground of plaintiff's contributory negligence was overruled, and a verdict for the plaintiff was subsequently set aside upon motion of the defendant upon the same ground, it was held that the defendant by filing the latter motion waived the error, if any, committed by the court in overruling the former.

*Appeal from Scott Circuit Court.*

THURSDAY, APRIL 8.

THE plaintiff's intestate was killed by being run over by an engine on the defendant's road, and this action was brought to recover damages therefor. There was a trial by jury; verdict for the plaintiff, and a new trial granted on motion of the defendant. From this the plaintiff appeals.

At a proper time the defendant moved the court to direct the jury to return a verdict for it. This was overruled; and from this the defendant appeals.

*Bills & Block*, for plaintiff.

*Cook & Richman*, for defendant.

SEEVERS, J.—I. The deceased, being in custody of certain cattle, or hogs, or both, which were shipped at Atchison, Kansas, became a passenger on a freight train on defendant's road. The accident which caused his death occurred at Wilton, in this State. That the deceased was a passenger on defendant's road is not controverted. The train on which the deceased came to Wilton stopped at that point, or rather

engines were changed, and other cars added thereto. It be-
came necessary, and the deceased was required, to change cars
at Wilton. To do so, he was required to cross one or more
tracks in order to reach the train on which his journey was
to be continued. In doing this, it was also necessary for him
to pass lengthwise along the side of said tracks, or between
them. The space between the tracks was between seven and
eight feet, and the width of the tracks was less than five feet.
For a short distance, the deceased passed along in the space
between the tracks, when he, as the plaintiff claims, because
of the noise, confusion, and the escape of steam from a mov-
ing train, and perhaps for other reasons, stepped upon one
of the tracks, and was very soon thereafter run over by an
engine, which was backing the way deceased was going. It
is insisted by the plaintiff that the question of contributory
negligence, under the circumstances, was for the jury, and, it
having been determined by them, the court erred in setting
aside the verdict and granting a new trial. This position is
based on the thought that in so doing the court determined,
as a matter of law, that the contributory negligence of the de-
ceased affirmatively appeared, or that the plaintiff had failed
to show the deceased did not, by his negligence, contribute to
the accident. The defendant maintains that not only was a
new trial properly granted, but that the court should have
directed the jury to return a verdict for the defendant.

Exceptions to the instructions were taken by the defendant,
but, as error is not assigned thereon, nor claimed in argu-
ment to exist, the exceptions must be regarded as waived,
and the instructions given constitute the law of the case.
Among other things, the court said to the jury: "If there
were circumstances tending to confuse and bewilder the dece-
dent, if there was noise and confusion, such as escaping steam,
and moving trains, and ringing bells, which would distract or
put off his guard a man of ordinary prudence and firmness,
these facts, if proved, and if you find the decedent, while in
the exercise of such prudence and firmness, was affected by

them, are to have due weight in determining whether or not the decedent was guilty of negligence which contributed directly to his injury and death at the time the same occurred."

The court, as a matter of law, had refused to determine that contributory negligence affirmatively appeared, or that the plaintiff had failed to show it did not exist. If either of these propositions was true, it was the duty of the court to direct the jury to return a verdict for the defendant. *Stone v. C. & N. W. R. Co.*, 47 Iowa, 82; *Starry v. D. & S. W. R. Co.*, 51 Iowa, 419.

It is, therefore, apparent that the court did submit to the jury the question whether, under the circumstances, the deceased was guilty of contributory negligence. This was to be determined by them as a matter of fact under the instructions. For the purposes of this case, it is immaterial whether the submission of this question was erroneous or not. The jury determined it in favor of the plaintiff, and thereupon the defendant moved for a new trial on several grounds. Among which were: "because the general verdict is not sustained by the evidence; because it is inconsistent with a special finding; because certain of the special findings are contrary to the evidence;" and, "because the evidence conclusively established that the deceased by his own negligence contributed to the accident."

The record is silent upon which of these grounds the new trial was granted, but counsel for the plaintiff, in argument, say it was upon the last named ground, and this is practically conceded by counsel for the defendant.

We have, then, this case: The court submitted to the jury the question whether, under the circumstances, the deceased was guilty of contributory negligence, and, by setting aside the verdict, determined that the circumstances were not sufficient to sustain the finding. That is to say, the weight of the evidence was with the defendant. The record will not warrant the conclusion that the court, as a matter of law, determined that

1. PRACTICE: granting of new trial: review by supreme court.

the plaintiff could not recover. Counsel for the plaintiff, in argument, state otherwise, and that the court did so determine. But it is evident that we must be governed by the abstract. Error must affirmatively appear therefrom, and cannot be predicated upon what counsel say occurred in the court below. Simple justice to the trial court demands this. We, therefore, would not be justified, nor would it be proper to determine a legal proposition which the abstract fails to show had been passed upon below. It has been held, time and time again, that this court interferes with the ruling of the trial court overruling a motion for a new trial with reluctance, and will do so only when there is no evidence on which it can be sustained.

In *Burlington Gas Light Company v. Green, Thomas & Co.*, 21 Iowa, 335, a new trial was granted, and it was said by this court, in relation thereto, that a stronger case should be made to authorize a reversal than if a new trial had been refused. In support of this doctrine several authorities are cited.

Now suppose we could consistently say (which we do not, because it would be improper to do so) that our conclusion was different from that reached by the trial court, still we would not be justified in interfering. That court heard the evidence, and, while there may not be much conflict, the learned judge had much better opportunity to judge of its weight than we. It is evident the evidence was of such a character that different minds might come to different conclusions in relation thereto. For the jury reached one conclusion and the judge another.

Besides this, the judge had knowledge of what occured at the trial; the arguments and appeals made to the jury, and the importance given to immaterial things, and he, therefore, can much better than we form an intelligent opinion as to the causes which induced the verdict, and whether or not it is in accord with the weight of the evidence. If in his judgment it was not so sustained, it was his duty to grant a new

trial. Code, § 2837. We would not be justified in saying, under the circumstances, that the discretion reposed in the trial court has been abused or erroneously exercised.

II. At the conclusion of the plaintiff's evidence the defendant moved the court to direct the jury to find a verdict for the defendant because, in substance, there was no evidence from which it could legally be inferred that the deceased did not by his own negligence contribute to the accident, and because it affirmatively appeared he did so contribute. This being overruled, the defendant introduced its evidence, and the cause, without further objection, was submitted to the jury, who having found for the plaintiff, the defendant moved for a new trial, which was sustained. Several grounds were assigned in the motion, included in which were the same upon which the court was asked to direct a verdict for the defendant. The only error assigned by the defendant is that the court erred in overruling the motion to direct a verdict for the defendant.

2. ———: waiver of error.

This supposed error we think was waived, or rather cannot now be insisted on, because of the motion for a new trial and the action of the court thereon.

The relief asked in the motion for a new trial, and which was obtained, is inconsistent, less in degree, and different from that asked in the first motion. When the motion for a new trial was made the court could not grant any other relief than it did. If error had been committed in overruling the first motion, the court could not correct the error in any other mode, or to any greater extent than it did. If the defendant desired to avail itself of the supposed error in this court it should have stood thereon, and not asked for or obtained relief less in degree than that which it is said was erroneously refused when the first motion was overruled. It matters not upon what ground the motion for a new trial was sustained, the same result must follow.

AFFIRMED.