## LYONS & COONEY v. HARRIS & JOHNSON.

1. **Reference:** FINDING OF FACT: SETTING ASIDE: EVIDENCE ON APPEAL. The finding of fact by a referee is regarded as the verdict of a jury, in the decision of the question by this court whether it is supported by the evidence; (see cases cited in par. 4 of the opinion;) and the rule is that, when such finding is set aside by the court below, this court will reluctantly interfere, and will do so only when there is nothing found in the record to support the ruling. (Compare *Laverenz v. Chicago, R. I. & P. R'y Co.*, 53 Iowa, 321, and *Burlington Gas-Light Co. v. Green*, 21 Id., 335.)

2. ———: SETTING ASIDE FINDINGS: PROCEDURE. In an action at law, where the court sets aside the findings of fact by a referee, or a part of them, it is error for the court to proceed to try the issues thus opened, but the cause should be again referred to the same or another referee; (Code, § 3295; *Sage v. Nichols*, 51 Iowa, 44;) or, if it be not so referred, a new trial should be granted, and the issues of fact again tried in the manner determined by law or the agreement of the parties.

*Appeal from Carroll District Court*—HON. C. F. LOOF-BOUROW, Judge.

THURSDAY, OCTOBER 27.

ACTION at law to recover the balance due on a bank account; plaintiffs being bankers. The cause was sent to a referee.

and upon the coming in of his report it was modified as to part of the findings of fact and law, and judgment rendered thereon against one of the defendants. Plaintiffs appeal.

*M. W. Beach*, for appellants.

*Reid & Morgan* and *I. J. McDuffy*, for appellees.

BECK, J.—I. The defendants in their answer deny generally the allegations of the petition, and, as a special defense, allege in substance, that, prior to the date of many of the debit items of the account upon which suit is brought, the copartnership existing between the defendants was dissolved, of which plaintiffs were notified on the same day, and plaintiffs then verbally agreed to relieve defendant Johnson of any liability on account of the partnership dealings with plaintiffs, and did then discharge him therefrom.

The referee found as facts the existence of a copartnership composed of defendants, its dissolution, and that notice thereof was immediately given to plaintiffs, who entered into no agreement to discharge Johnson or the firm from liability for the firm's debts. He further found that neither partner countermanded directions before given by them to plaintiffs to pay checks drawn in the course of their business, which plaintiffs had agreed to pay, and that certain outstanding checks of this character were not taken into account in making the dissolution of the firm. These checks were paid by plaintiffs to an amount exceeding the balance which, by the findings of the referee, is due plaintiffs, and for which he recommends judgment to be rendered against both of the defendants; holding, as a conclusion of law upon the facts found, as just stated, that plaintiffs were authorized to pay these checks, and charge them to the firm.

Upon exceptions to the report of the referee, the district court set aside the finding of fact that the outstanding checks were not taken into account in the dissolution of the firm, and the conclusion of law that plaintiffs were authorized to

pay their checks, and charge them to defendants. Thereupon the court rendered judgment against Harris for the amount found due, and dismissed the action as to Johnson.

II. Plaintiffs insist that the court below erred in setting aside the finding of fact, above stated, to the effect that the checks were not taken into account in the disso-

1. REFER-
ENCE: find-
ing of fact:
setting aside:
evidence on
appeal.

lution of the firm. Upon this point the evidence is not clear, but we are inclined to think that it supports the finding of the referee. But when a verdict is set aside by the court below, this court will reluctantly interfere, and will do so only when there is nothing found in the record to support the ruling. (*Laverenz v. Chicago, R. I. & P. R'y Co.*, 53 Iowa, 321; *Burlington Gas-Light Co. v. Green*, 21 Id., 335.) We shall soon see that the finding of fact by a referee is regarded as the verdict of a jury, in the decision of the question whether it is supported by the evidence. Under these rules we cannot interfere with the order of the district court setting aside the finding of fact by the referee.

III. Upon the other facts found, as above stated, we think it doubtful indeed whether the referee's conclusion of law as to the liability of Johnson should have been set aside. But of this matter we need not inquire, as the judgment must be reversed upon other grounds.

IV. Upon setting aside the findings of fact and of law, as hereinbefore recited, the district court dismissed the action as to Johnson, and rendered judgment against

2. ——: set-
ting aside
findings: pro-
cedure.

Harris alone. This is clearly erroneous. The action is at law, and the finding of facts by the referee has the force and effect of a verdict of a jury, and is to be so regarded. (*Taylor v. French Lumbering Co.*, 47 Iowa, 662; *Cooley v. Osborne*, 50 Id., 526; *Smith v. Harlan*, 49 Id., 101.)

Upon setting aside the report, the case may again be referred to the same or another referee. (Code, § 3295; *Sage v. Nichols*, 51 Iowa, 44.) If the cause be not again sent to

a referee, a new trial should be granted, and the case again tried upon the issues of fact, in the manner determined by the law, or the agreement of the parties. The cause was not submitted to the district court for the trial of the issues. The parties consented to the reference; they did not consent that the district court should try the issues. But, by the decision under consideration, the district court did determine one issue of fact upon which the decision turned. It is plain that plaintiff was by this decision deprived of the right of trial in the manner prescribed by law. Upon setting aside the finding of facts by the referee, the cause should have been again referred, or a new trial granted. As there was no order made for sending the case again to a referee, an order for a new trial should have been entered, which should have been had in the manner prescribed by law.

The judgment of the district court is reversed, and the cause is remanded for proceedings in accord with this opinion.

REVERSED.