Decided 15 June, 1903.

## STERLING v. STERLING.

[72 Pac. 741.]

PARTITION—WHAT DECREE IS APPEALABLE—STATUTES.
    1. Sections 441, 442, and 444, B. & C. Comp. contemplate an interlocutory decree defining the rights of the respective parties in the land of which partition is desired, and deciding whether it shall be divided or sold, to be followed by a final decree upon a consideration of the report of the referees, and this last is the final order contemplated by Section 547, B. & C. Comp. that must be appealed from, though on the appeal intermediate orders involving the merits, and necessarily affecting the decree, may be reviewed: *Walker* v. *Goldsmith*, 14 Or. 125, questioned and explained.

PARTITION — NECESSITY OF POSSESSION BY PLAINTIFF.

2. Under Section 435, B. & C. Comp. the plaintiff in a partition suit must allege possession of the property to be divided as a tenant in common with the defendants, or the pleading is demurrable, unless the suit is brought by one or more tenants in common of a vested remainder or reversion.

PARTITION — INSUFFICIENT ALLEGATION OF POSSESSION.

3. A complaint in partition alleging that plaintiff and defendants are tenants in common of the property sought to be partitioned does not plead that plaintiff is in possession, for there may be an ownership as a tenant in common without possession.

CURING DEFECTIVE COMPLAINT BY ANSWERING.

4. The defect in the complaint in a partition suit arising from a failure to aver that the parties were in possession of the property is not cured by an allegation in the answer that the lands described in the complaint are a part of the lands involved in a former partition suit between the parties, and that the ownership was there determined, where plaintiff in his reply denies this allegation, and on the trial offers evidence showing that the lands involved in the former suit were not the lands embraced in the complaint.

From Union : ROBERT EAKIN, Judge.

Suit by Henry V. Sterling against Geo. W. Sterling and others, in which defendants appeal from a decree against them.                    REVERSED.

For appellants there was a brief over the name of *Mr. John H. Lawrey.*

For respondent there was a brief over the firm name of *Ramsey & Oliver.*

MR. JUSTICE BEAN delivered the opinion.

This is a suit for the partition of real property. The complaint alleges that " plaintiff and defendants are the owners as tenants in common " of the property sought to be partitioned, that they each own an undivided fourth thereof in fee, and that plaintiff is desirous of having his portion set off to him so that he may occupy and use the same separate from the defendants. A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of suit being overruled, the defendants answered, denying the plaintiff's title, and for an affirmative defense alleging, in substance, that in June, 1901, the defendants commenced a suit against the plaintiff for partition of certain lands in Union County, includ-

ing those in controversy, in which they had an undivided three fourths interest and the plaintiff an undivided one fourth; that such proceedings were thereafter had in the suit that a partition was made, and the three fourths belonging to defendants set off to them in one body and the plaintiff's one fourth to him; that after the commencement of the suit the plaintiff's one-fourth interest was seized under an execution issued on a judgment against him, and sold to J. H. Lawrey, who received a sheriff's deed conveying to him all the plaintiff's right, title, and interest in the property, long prior to the institution of this suit; that at the commencement thereof plaintiff had no right, title, or interest in or to the property sought to be partitioned. The reply denies the material allegations of the answer. Upon the issues joined a trial was had, and the court found that plaintiff and defendants were the owners of an undivided fourth, each, of the property described in the complaint, as tenants in common, and in possession thereof; that the land could be divided, and appointed referees, who made partition accordingly, and filed a report of their proceedings, which was confirmed, and a final decree entered. From this decree the defendants appeal, insisting that the complaint does not state facts sufficient to constitute a cause of suit, because it does not allege that the plaintiff and defendants were in possession as tenants in common of the property sought to be partitioned at the time of the commencement of the suit, and that there was no proof that the plaintiff owned any interest therein.

1. It is urged by the plaintiff that these questions cannot be considered on this appeal, because it is taken from the decree confirming the sale, and not from that ascertaining and determining the rights of the parties and directing the partition. In some jurisdictions it is held that a decree of partition and one confirming the report of the referees made in pursuance thereof are separate and

distinct decrees, and that an appeal from the latter does not bring up for review questions arising on the former: *McRoberts* v. *Lockwood*, 49 Ohio St. 374 (34 N. E. 734). But this is under a statute essentially different from that of this state. Sections 441 and 442 (B. &. C. Comp.) of our statute, defining the procedure in a partition suit, provide that the rights of the several parties plaintiff and defendant may be put in issue, tried, and determined, and that, if it be alleged in the complaint, or established by the evidence to the satisfaction of the court, that the property, or any part thereof, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale, and for that purpose may appoint one or more referees; otherwise it shall decree a partition according to the respective rights of the parties, and shall appoint referees therefor. Section 443 defines the duties of the referees, provides the manner in which they shall make the partition, and requires them to report their proceedings to the court. Section 444 provides that "The court may confirm or set aside the report in whole or in part, and if necessary appoint new referees. Upon the report being confirmed, a decree shall be given that such partition be effectual forever, which decree shall be binding and conclusive (1) on all parties named therein, and their legal representatives, who have at the time any interest in the property divided, or any part thereof, as owners in fee, or as tenants for life or for years, or as entitled to the reversion, remainder, or inheritance of such property or any part thereof after the termination of a particular estate therein, or who by any contingency may be entitled to a beneficial interest in the property, or who have an interest in any undivided share thereof as tenants for years or for life; (2) on all persons interested in the property who may be unknown, to whom notice shall have been given of the application for partition by publication,

as directed by section 439; and (3) on all persons claiming from such parties or persons, or either of them." The only decree in a partition suit, therefore, that the statute declares to be "effectual forever," and "binding and conclusive," is that entered upon the confirmation of the report of the referees. All orders or decrees in the regular course of proceedings prior to that time are merely interlocutory and preliminary to a final decree. Sections 441 and 442 provide for an interlocutory decree determining the rights of the respective parties and directing a sale of the property, or its partition. Section 444 alone provides for a decree that such partition shall be effectual if the court confirms the report of the referees, and declares that it "shall be binding and conclusive" upon parties and privies. This is the only final decree contemplated by the statute. Such was the holding of this court in *Bybee* v. *Summers*, 4 Or. 354, and is the decision of other courts under similar statutes. Our statute in the matter of the partition of real property, so far as the question now under consideration is concerned, is substantially the same as in New York and California (Ann. Code Civ. Proc. N. Y. 1885, § 1557; Code Civ. Proc. Cal. § 766); and in both states the appeal must be taken from the decree confirming the report of the referees, and not from that ascertaining and determining the rights of the parties. Upon such an appeal any intermediate order involving the merits, and necessarily affecting the decree may be reviewed: *Tilton* v. *Vail*, 117 N. Y. 521 (23 N. E. 120); *Gates* v. *Salmon*, 28 Cal. 320; *Peck* v. *Vandenberg*, 30 Cal. 11. The appeal in this case was, therefore, properly taken, and the validity and regularity of the several intermediate orders and decrees may be reviewed and considered thereon.

In reaching this conclusion we have not overlooked *Walker* v. *Goldsmith*, 14 Or. 125 (12 Pac. 537), in which the preliminary decree of partition in that case was held to be

final in the sense that an appeal could be taken therefrom by the appellant. The language of the decree does not appear from the opinion, nor from the statement of the case. An examination of the briefs of counsel discloses that the question of the regularity of the appeal is not mentioned therein. It seems to have been suggested at the hearing for the first time. The question is not discussed to any extent in the opinion, and no reference is made to the provisions of the statute or the decisions of other courts holding contrary doctrine under statutes similar to ours, nor even to the former decisions of this court, holding that such order or decree was merely interlocutory, and not final. The decree from which the appeal was taken was one settling the rights of the codefendants in the property sought to be partitioned as between themselves, and determining finally the right of the appealing defendant. It may have been final and conclusive as to him, and therefore appealable. But, if the case is supposed to hold that an appeal will lie, as a general rule, under our statute, from a decree settling the rights of the parties in a partition suit, it must no longer be regarded as authority.

2. The remaining question is whether the complaint states a cause of suit. The statute provides (B. & C. Comp. § 435): "When several persons hold and are in possession of real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, or when several persons hold as tenants in common a vested remainder or reversion in any real property, any one or more of them may maintain a suit for the partition of such real property, according to the respective rights of the persons interested therein, and for a sale of such property, or a part of it, if it appears that a partition cannot be had without great prejudice to the owner." It is plainly seen under this section that, unless the suit is

brought by one or more tenants in common of a vested remainder or reversion, it should be alleged in the complaint, and proven on the trial, if denied, that the plaintiff and defendants were in possession as tenants in common of the property described in the complaint at the time of the commencement of the suit. These are the primary facts, upon which the right to a partition is based, and upon which the jurisdiction of the court depends. If the plaintiff is out of possession, he cannot maintain a suit for partition until he first regains his possession in some appropriate proceeding. To invoke the jurisdiction of the court to make the partition, he must allege that he is in possession of the property as a tenant in common with the defendants. This is the plain requirement of the statute, and in accordance with the decisions of this and other courts: *Farris* v. *Hayes*, 9 Or. 81; *Savage* v. *Savage*, 19 Or. 112 (23 Pac. 890, 20 Am. St. Rep. 795); *Windsor* v. *Simpkins*, 19 Or. 117 (23 Pac. 669); *Marx* v. *La Rocque*, 27 Or. 45 (39 Pac. 401); *Bradley* v. *Harkness*, 26 Cal. 69; *Alsbrook* v. *Reid*, 89 N. C. 151.

3. The plaintiff argues that the averment in the complaint that the plaintiff and defendants are tenants in common implies that they are each in possession of the property. But one may own property as a tenant in common with another, and not be in possession. He may have been ousted by his co-tenant or by a third party. Such ouster does not destroy his title, or make him any the less a tenant in common, but it does deprive him of a right to maintain a suit for partition until he regain possession. The complaint is, therefore, insufficient, and the demurrer should have been sustained.

4. But it is argued that the defect was cured by the answer. The position is that the answer admits title and tenancy of the plaintiff in June, 1901, a year or more before the commencement of the present suit, and that such'

title will be presumed to continue until the contrary appears. The answer does allege that the lands described in the complaint were a part of the lands involved in a former partition suit between the defendants and the plaintiff. This the plaintiff, in his reply, denies, and on the trial introduced evidence showing that the lands involved in the former suit were not the lands described in the complaint; so that the defect in the complaint in not alleging that the plaintiff and defendants were in possession as tenants in common of the property therein described was not cured.

For these reasons the decree of the court below must be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.                                          REVERSED.

Decided 19 October, rehearing denied 26 November, 1903.