Decided 21 January, rehearing denied 11 February, 1908.

## FRYE v. MOFFET.

93 Pac. 853.

PARTITION—POSSESSION—TENANTS IN COMMON—BURDEN OF PROOF.

The burden is on plaintiff in partition, unless the suit is by one or more tenants in common of a vested remainder or reversion, to allege and prove, if denied, that he and defendant were in possession as tenants in common at the time of the commencement of the suit.

From Malheur: GEORGE E. DAVIS, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is a suit by Emma Frye against James T. Moffet for the partition of real property. The complaint alleges that plaintiff and defendant are the owners in fee, as tenants in common, of the property in question, but does not allege that plaintiff is in possession as such tenant. On the contrary, it is averred that defendant "has had the sole use and occupancy" of the property since the 1st of November, 1904, and has been receiving the rents and profits therefrom, and prays that he be required to account to plaintiff therefor. A demurrer to the complaint, because it does not state facts sufficient to constitute a cause of suit, was overruled, and defendant answered, denying the material averments thereof, and for a further and separate defense alleging that he is the sole owner of the property, and has been in the exclusive possession thereof since the 17th day of November, 1902. The reply put in issue the averments of the answer, and upon the issues thus joined a trial was had. From the evidence it appears that plaintiff and defendant were formerly husband and wife, but were divorced in October, 1903. On the 17th of November, 1902, and while they were such husband and wife, one J. H. Wright executed a deed, without his wife joining therein, and having but one witness, purporting to convey the property in controversy to them jointly and delivered it to plaintiff. Shortly thereafter she separated from her husband, and subsequently secured a divorce. About the time of the separation defendant entered into possession of the property in dispute, and has ever since remained in the sole and exclusive possession thereof. In June, 1904, plaintiff com-

menced this suit, claiming that the deed from Wright conveyed the property to her and defendant, who were then husband and wife, as tenants by the entirety, which was subsequently dissolved by the decree of divorce, leaving them tenants in common. Defendant claims, however, that he purchased the property of Wright for his own use and benefit, paying a part of the purchase money at the time, and was to receive a deed upon payment of the balance; that the deed made by Wright to himself and plaintiff was without his knowledge or consent, and that he knew nothing about it until after the decree of divorce, when he discovered it in a trunk in his house; that he immediately repudiated the transaction, offered to return the deed to Wright, and thereafter tendered him the balance of the purchase money, and demanded a good and sufficient conveyance from him. Plaintiff, on the other hand, claims that she was a joint purchaser with defendant of the property, and furnished the money with which to make the first payment, and afterwards paid a part of the balance; that the deed from Wright was made to herself and defendant, with his knowledge and consent, and by his direction. The court below found that plaintiff and defendant were the owners in fee and in possession as tenants in common; that the property could not be divided without great prejudice to their interests, and directed a sale and division of the proceeds. A sale was afterwards made and confirmed, and defendant appeals.          REVERSED.

For appellant there was a brief over the names of *C. M McGonagill, W. H. Brooke* and *Saxton & McConnell,* with an oral argument by *Mr. Brooke.*

For respondent there was a brief with an oral argument by *Mr. George W. Hayes.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

We think the decree must be reversed. It is incumbent on a plaintiff in a suit for partition, unless the suit is brought by one or more tenants in common of a vested remainder or reversion, to allege and prove, if denied, that he and the defendant were in possession of the property as tenants in common at

the time of the commencement of the suit: *Sterling* v. *Sterling*, 43 Or. 200 (72 Pac. 741). And this the present plaintiff does not do. She does not allege that she was in possession; but, on the contrary, avers that defendant was and ever since November, 1904, has been in the sole occupancy of the premises, and such are the facts that appear from the evidence. Ordinarily the possession of one tenant in common is the possession of both; but this record discloses a dispute as to the title and right of possession of real property, and until it is determined, and plaintiff secures possession in some appropriate proceeding, she cannot maintain a suit for partition.

Decree reversed, and complaint dismissed.

COMMISSIONER KING, having been of counsel, took no part in this decision.

---

Decided 21 January, 1908.