Argued May 7, affirmed June 27, 1962

## BROGOITTI ET UX *v.* BROWN ET UX

372 P. 2d 773

*Roy Kilpatrick,* Canyon City, argued the cause and submitted the brief for appellants.

*Alex M. Byler* and *George H. Corey,* Pendleton, argued the cause for respondents. With them on the brief was Lawrence B. Rew, Pendleton.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, SLOAN, O'CONNELL and GOODWIN, Justices.

ROSSMAN, J.

This is an appeal by the plaintiffs, husband and wife, from a decree entered by the circuit court in a

partition suit which the plaintiffs instituted to obtain
the partition of real property held by the plaintiff,
Marjorie C. Brogoitti, and the defendant, Doris M.
Brown, as tenants in common. The real property is,
according to the plaintiffs-appellants' brief, "a small
wheat ranch which lies on both sides of U. S. High-
way 30 just west of the city of Pendleton." Each of
the two parties just named owned an undivided one-
half interest in the property subject to the inchoate
curtesy interest of her husband. Acting pursuant to
ORS 105.245, the court appointed three referees to
partition the property who later filed a report. Still
later the defendants presented objections to the report
on the ground that the allotments which it proposed
were unequal. The following is taken from the decree.

"* * * thereafter the Court heard evidence
on the said objections and motion and heard the
arguments and examined the memoranda of counsel
* * * that thereafter the Court entered its order
allowing objections and sustaining motion of de-
fendants Brown to set aside report of referees on
partition of real property and for appointment of
surveyor dated the 25th day of November, 1960;
that said order provided in part:

"'It is hereby ordered and the Court does find
that the report of referees on partition of real
property dated the 15th day of August, 1960, on
file herein, should be and the same is hereby set
aside in part in that the allotments of the several
portions of the real property as made by the
referees in their report were unequal and not made
according to the respective rights of the quality
and quantity of land relatively considered and that
the referees allotted land to the plaintiffs of a sub-
stantially greater value than land allotted to the
defendants and that in addition to and heretofore
in their report allotted by the referees to the de-
fendant, Doris M. Brown, subject to the curtesy

interest of the defendant, C. W. Brown, the Easterly seven (7) acres of that tract of land lying South of U. S. Highway 30, should be allotted to said defendants Brown as their interest herein appear and that the referees allottment [sic] to the plaintiffs should be decreased by said seven (7) acres, and

It is further ordered that the Court does find that the report of said referees should be, in all other respects, confirmed and adopted by the court, and

It is further ordered that to effect said partition and prior to the entry of a decree herein, Stanley Wallulis, a surveyor of Pendleton, Oregon, be, and he is hereby employed * * *.'

&ast;  &ast;  &ast;

"That the report of the referees filed in this cause be, and the same is hereby confirmed and adopted except that in addition to the land allocated to the defendant, Doris M. Brown, in their report, there shall be added the Easterly seven (7) acres of that tract of land lying South of U. S. Highway 30, and the referees allottment [sic] to the plaintiff shall be decreased by said seven (7) acres * * *."

The brief of the plaintiffs-appellants states:

"* * * The trial court should have either allowed or set aside said report. The trial court erred when it went beyond its statutory authority and exceeded its jurisdiction and attempted to divide the property. * * *

&ast;  &ast;  &ast;

"The only question presented by this appeal is whether or not the trial court had authority to divide the land as it did. * * *"

Counsel for the plaintiffs-appellants is entitled to commendation for his frankness which limits the issue on appeal to the single one just mentioned, that is, Is the jurisdiction of a court in partition suits limited to

the sole function of confirming or setting aside the report of the referees, or does it have power to make a modification to the report. We will now consider that issue.

ORS 105.260, which is a part of the section of our laws upon the subject of partition, states:

> "The court may confirm or set aside the report in whole or in part and, if necessary, appoint new referees * * *."

It will be noticed that the section of our laws just quoted authorizes the court to "confirm or set aside the report in whole or in part."

Section 609 of Powell on Real Property states:

> "The procedural device for the partitioning of land began a very long time ago in a very restricted form. When two or more persons, by the operation of the law of intestate succession had become coparceners, and this closeness of relation proved unpleasant, the law provided a machinery by which they could rid themselves of this unwelcome association by physically dividing the land in question into separate parcels, each parcel wholly owned by one of the erstwhile coparceners. From this thirteenth century beginning great developments have come. In the reign of Henry VIII, the remedy was made generally available to tenants in common and joint tenants. In the reign of Elizabeth I, chancery became available to those desiring a more tailormade job of partition, and the chancery procedure gradually displaced the more formal and rigid law writ. Statutes then came into the picture, and in the United States, every jurisdiction now has a more or less comprehensive statute dealing with both the general availability of the remedy and the details of its machinery. These statutes introduced the possibility of partition by judicial sale with a division of the proceeds, when a division in kind would be injurious or impractical. Through-

out all of these expansions in scope the purpose of partition has remained the same, namely, to provide a means by which people, finding themselves in an unwanted common ownership can free themselves from the relationships incidental to such common ownership. Equity has continued its beneficient function of supplementing the otherwise established procedures. * * *"

See similarly 2 Restatement Of The Law, Property, page 654. The latter, in referring to the numerous state statutes on the subject of partition, says in part:

"The prevalence and detailed provisions of these statutes might well have caused them to be regarded as constituting a complete and self-contained system, wholly supplanting the equity jurisdiction as to partition. This view has not prevailed."

Oregon's partition statute renders partition an equitable remedy: *Murray v. Murray*, 107 Or 121, 213 P 409. The brief of counsel for the plaintiffs-appellants states: "There are no cases in Oregon that I have found directly in point."

*Sterling v. Sterling*, 43 Or 200, 72 P 741, states:

"Our statute in the matter of partition of real property, so far as the question now under consideration is concerned, is substantially the same as in New York and California (* * * Code Civ. Proc. Cal. § 766)."

The question "under consideration" in that case was the effect of a partition decree. The decision noted that § 444 of the partition statute, now ORS 105.260, provided:

"The court may confirm or set aside the report in whole or in part, and if necessary appoint new referees."

Code Civ. Proc. Cal. § 766 (West's Annotated California Codes § 766) provides:

> "The court may confirm, change, modify, or set aside the report, and if necessary, appoint new referees."

It will be observed that the California and Oregon provisions concerning the power of a court to confirm or set aside the referees' report, although containing some differences in phraseology, have substantially the same meaning.

The following is taken from 37 Cal Jur 2d, Partition, § 77, page 482.

> "Where the court has ordered partition and appointed referees to partition the property, and the referees have made their report, the court may confirm, change, modify, or set aside the report and, if necessary, appoint new referees. * * *"

*MacDonald et al v. Bernal et al,* 34 Cal App 431, 167 P 902, holds:

> "The only contention of the appellants which the court is in a position to consider upon the record before us is that the court erred in awarding to the appellants less land in valuation than that to which they would have been entitled upon the basis of the calculations contained in the referee's report. It is a sufficient answer to this contention to say that the report of the referee in an action for partition is merely advisory to the court, which is not bound to adopt the basis used by the referee for his calculation as to the values of the property involved, but may, in its final decree, make its own findings with respect to such matters. The court did this in the instant case, and there is no evidence before us to show that it committed any error in so doing."

*Machado v. Machado,* 66 Cal App2d 401, 152 P2d 457, ruled:

> "The report was merely advisory and the court was free to make its own findings and to decree accordingly. Randell v. Randell, 4 Cal.2d 575, 50 P2d 806."

In *Morris v. Daniel,* 183 Ky 780, 210 SW 668, the court said of a report by a commissioner in a partition:

> "A report of the commissioner filed in a suit is only the recommendation or suggestion of the commissioner, which the court may or may not accept and confirm. Often the report is wholly rejected or disregarded; sometimes only partly adopted. * * *"

*Shearer v. Shearer,* 125 Iowa 394, 101 NW 175, reasoned:

> "* * * It is said that the court had no power to modify the report, and should have referred it back to the same or other referees. This is the rule in law actions. Lyons v. Harris, 73 Iowa, 292, 34 N. W. 864; Stroup v. Bridger et al. (Iowa) 100 N. W. 113. But the statutes expressly provide that partition shall be by equitable proceedings, and the rules governing reference in law cases have no applicability in chancery proceedings. It is a general principle of equity that, when the jurisdiction of the court has once attached, it may try and determine any question properly presented in the case, and one of the fundamental reasons why partition should be made in a court of equity is because such court may equalize the allotments and do justice to all. Story's Equity Jur. § 655. * * *"

■ The rule is stated as follows in 68 CJS, Partition, § 161, page 272:

> "* * * However, in equity, the court may alter or amend the report in a proper case to comply with or obviate objections, as by modifying the

division or allotment so as to render the partition fair and equitable or by correcting an erroneous computation on the part of the commissioners."

We take the following from 40 Am Jur, Partition, § 76, page 65:

"Statutes regulating the partition of lands usually provide for the appointment of a commission to examine the premises, make a preliminary partition thereof, and report back to the court. The court may then affirm the report, or otherwise, as the nature of the case demands. And the court is not confined to a grant or refusal of confirmation, but may modify the finding of the commissioners. * * * "

■ Without further resort to the authorities, we express the belief that the California courts have correctly construed their statute and that since ours is worded substantially the same as theirs, it should receive a similar interpretation. We are satisfied that when a report of referees in a partition suit is submitted to a trial judge he may, in the words of the statute, "confirm or set aside the report in whole or in part." He may make such modifications to it as the evidence warrants.

The above being our belief, we affirm the decree of the circuit court.