Argued October 31, 1977 at Pendleton, reversed and remanded with directions January 31, 1978

HURST, *Appellant,*
*v.*
HALL et al, *Respondents.*
(No. E-20,197, SC 25209)
574 P2d 311

Milo Pope, Milton-Freewater, argued the cause for appellant. With him on the briefs was William A. Galbreath, Milton-Freewater.

Mark C. McClanahan, Portland, argued the cause for respondents. With him on the brief were John J. DeMott and Miller, Anderson, Nash, Yerke & Wiener, Portland.

Before Denecke, Chief Justice, and Holman, Howell, Bryson and Lent, Justices.

DENECKE, C. J.

## DENECKE, C. J.

Plaintiff instituted this suit seeking partition in kind of her one-fourth interest in a tract of land owned by plaintiff, her sister, and her two brothers as tenants in common. The trial court, finding that the land could not be divided equitably, denied plaintiff's request for partition in kind. The court instead ordered defendants to pay plaintiff one-fourth of the value of the land and plaintiff in return to convey her interest to defendants. Plaintiff appeals, contending that partition in kind should have been allowed. We agree and reverse.

The property at issue consists of a tract of approximately 57 acres located on the Umatilla Indian Reservation. The land was inherited by the parties from their father. Adjoining this land to the south is another tract of approximately 40 acres also owned by the parties as tenants in common, but held in trust by the United States government as an Indian allotment. The only access to both parcels is from a county road which runs along the north side of the land for which plaintiff seeks partition. The land involved is prime agricultural land. A single dwelling, which was the parties' family home, is located on the property at the south end, adjacent to the trust land.

This suit was instituted by plaintiff as a result of disputes among the parties regarding the leasing of the property for farming purposes. The trial court's order denying partition in kind was based on its finding that dividing the land would result in prejudice to the owners in the following respects: (1) the small parcels resulting from partition in kind would be more difficult to lease for farming and consequently of lower total value than the parcels as a whole; (2) partition would create access problems for those parcels not adjoining the county road; (3) partition would result in a violation of the Umatilla Interim Zoning Ordinance of 1973; and (4) partition would interfere

with the tribal custom of retaining land, particularly land which was the ancestral home of the parties.

■ A partition suit in Oregon is governed primarily by statute. ORS 105.205-105.405. The statutes, however, are not all-inclusive and resort may be had to traditional equitable principles governing partition to decide issues not governed by statute. *Brogoitti v. Brown,* 231 Or 309, 313, 372 P2d 773 (1962). The trial court and the parties treated the suit as a request that all of the land be partitioned, resulting in four separate tracts. We believe that this approach was incorrect. As we pointed out in *Brogoitti,* 231 Or at 313, the purpose of the remedy of partition is to allow joint owners who cannot get along with each other to sever their relationship as joint owners. The three defendants in this action clearly were satisfied with joint ownership among themselves. They opposed any partition of the land and would obviously prefer to retain their shares in joint ownership if plaintiff's prayer for partition is granted.

At common law, persons who preferred to retain their shares of land in common ownership following a partition could do so. *Mansfield v. Davenport,* 362 SW2d 912 (Tex Civ App 1962). Given the purpose of the remedy of partition, there is no reason to divide the land into as many parcels as there are owners when some owners prefer to remain tenants in common.

■ Our recent decision in *Fike v. Sharer,* 280 Or 577, 571 P2d 1252 (1977), indicates that ORS 105.205 requires that property be partitioned in kind unless partition in kind would result in great prejudice to the owner. *See, also, Haggerty v. Nobles,* 244 Or 428, 419 P2d 9 (1966). Before the court is authorized to compel either a public or private sale of any part of the property, the defendants must demonstrate that great prejudice would result from partition in kind. When viewed with the understanding that plaintiff's preferred remedy of partition in kind would result in separating from the property only her one-fourth

interest, we conclude that the evidence does not establish great prejudice.

■ Although the evidence was conflicting, we believe that the trial court was correct in finding that several smaller parcels are more difficult to lease and therefore of lower value than one large parcel. But the evidence does not indicate that the removal of the 12.6 acres sought by plaintiff from the 57 acres owned by the parties as tenants in common would prejudice the defendants. Plaintiff might be somewhat prejudiced. But defendants cannot prevent a partition in kind by showing prejudice to the person seeking partition.[1] The evidence indicates that neither the 57 acres currently owned by the parties nor the 57 acres in combination with the 40 acres held in trust constitutes an economic unit for farming purposes. Nor does the evidence indicate that there is a limited market for leasing the 44-acre parcel that defendants will hold following partition. We conclude that the defendants have not shown that any financial prejudice to them would result from partition in kind.

■ The second reason given by the trial court for refusing to grant partition in kind was the problem of access. We agree that access to the remainder of the property will pose a problem. But defendants concede in their brief that the access problem alone is not a sufficient basis for denying partition in kind. We believe that the problem can be sufficiently alleviated by granting an easement over the land partitioned for the benefit of both the remainder of the land now held by the parties as tenants in common and the land held in trust. *See Allendorf v. Daily,* 6 Ill2d 577, 129 NE2d 673 (1955).

The court also relied upon the Umatilla Indian Reservation's Interim Zoning Ordinance in denying

---

[1] Plaintiff does not argue that the amount of land she would receive upon partition in kind should be increased to reflect its lower value after severance. If she did so contend, then defendants would be able to show prejudice since plaintiff would in essence be seeking contribution from defendants to compensate her for the reduction in value.

the petition. The relevant portions of the zoning require a minimum lot size of 19 acres for residences, but have no minimum acreage requirement for agricultural land. The evidence at the trial indicates that the tribe has allowed division of agricultural land into parcels of any size. The partition in kind of only one parcel for plaintiff will result in no violations of the zoning ordinance. Plaintiff's parcel will be less than 19 acres in size, but will consist only of agricultural land. Defendants' land will include the house, but will be well in excess of the 19-acre minimum lot size. Thus the zoning ordinance has no bearing on whether partition in kind should be allowed in this case.

The final basis relied upon by the trial court in denying partition in kind was the Indian tradition of holding land. Although we noted in *Fike v. Sharer, supra* (280 Or 577), that the court could take sentiment into account in denying partition in kind, we conclude that it provides no basis for denying partition in this case. Defendants will still retain the bulk of the family land and the family home. And under our holding, plaintiff will also retain a portion of the family land. Thus, the tribal tradition will be furthered as to all parties.

This case is remanded to the trial court with directions to enter a decree in conformance with the foregoing opinion.

Reversed.