Decided March 4, 1895.

## MARX *v.* LA ROCQUE.
[39 Pac. 401.]

1. PARTITION — RIGHTS OF GRANTEE IN MORTGAGE DEED — CODE, § 423. — A grantee in a deed that was intended as a mortgage cannot maintain a suit for partition of the lands pledged to him: for, in order to do so, he must be in possession and have an estate therein,* while it is now settled law in Oregon that the grantee in such an instrument has neither title nor right to possession, but only a lien: *Thompson* v. *Marshall*, 21 Or. 171, and *Adair* v. *Adair*, 22 Or. 115, cited and approved.

2. JURISDICTION OF COURTS OVER ISSUES OUTSIDE THE PLEADINGS. — Courts will not undertake to try or settle questions between litigants outside of the issues made by the pleadings — the proceedings must be confined to the limits so prescribed by the parties.†

APPEAL from Marion: GEO. H. BURNETT, Judge.

This is a suit by Marx and Jorgensen against A. E. La Rocque, H. M. Gilbertson, and the State Insurance Company of Salem for partition of real property. The facts, briefly, are: That on March twentieth, eighteen hundred and eighty-three, one George C. La Rocque was the owner of an undivided one twentieth interest in the real property sought to be partitioned, and being indebted

---

*It has been heretofore decided in *Savage* v. *Savage*, 19 Or. 112, (20 Am. St. Rep. 795,) that the right of partition is given only to one having the actual or constructing possession,— others who have or may have some interest not coupled with present possession may be made defendants, but they cannot themselves institute the proceeding. The same rule is held in *Windsor* v. *Simpkins*, 19 Or. 117, and it is further said that such suit will not lie against one in actual possession who is holding adversely to the plaintiff.—REPORTER.

†To the same effect see the opinion on rehearing in *Bellinger* v. *Thompson*, 26 Or. at page 320, and *Troy Laundry Company* v. *Henry*, 23 Or. 232.—REPORTER.

to one F. B. Harrington, conveyed such interest to him by deed absolute in form, but intended as a mortgage, to secure said indebtedness, as the evidence, in our opinion, abundantly shows. Afterwards La Rocque confessed judgment in favor of Harrington on the indebtedness secured by the deed, or a portion thereof, and Harrington subsequently assigned the judgment and conveyed the land in question to the plaintiffs, by a deed absolute in form, to secure his indebtedness to them. Two or three years afterwards La Rocque paid the Harrington judgment in full to plaintiffs, and the same was satisfied of record, and on the twenty-fifth day of August, eighteen hundred and eighty-six, the said George C. La Rocque sold and conveyed the premises in question to the defendant Alphonso La Rocque, who immediately entered into possession. Whether the judgment against La Rocque in favor of Harrington included all the indebtedness intended to be secured by the deed of March twentieth, eighteen hundred and eighty-three, is a disputed question in the case, but its consideration is immaterial at this time. The complaint is in the usual form, setting forth the interests of the respective parties in the land sought to be partitioned, as claimed by the plaintiffs, and averring that they and the defendants are the owners and in possession thereof as tenants in common. The answer denies the allegations of the complaint, and affirmatively alleges that the defendant Gilbertson is the owner in fee, and in the open and exclusive possession, of fifty acres of the land described in the complaint, and that the defendant La Rocque is the owner in fee and in the open, notorious, and exclusive possession of the remainder. The reply put in issue the allegations of the answer, and upon the issues thus joined the cause was tried, resulting in a decree dismissing the suit, from which plaintiffs appeal.

AFFIRMED.

For appellants there was a brief by *Messrs. Gearin, Silvestone, Murphy and Brodie,* and an oral argument by *Mr. John M. Gearin.*

For respondents there was a brief by *Messrs. Tilmon Ford* and *William M. Kaiser,* and an oral argument by *Mr. Kaiser.*

Opinion by MR. CHIEF JUSTICE BEAN.

1. It is conceded that plaintiffs have no title in the premises sought to be partitioned, unless they acquired it under the deed from Harrington, which is admitted by all parties to have been intended as a mortgage. The principal question, then, remaining for consideration is whether a grantee in such a deed can maintain a suit for partition, and this we think must be answered in the negative. The statute regulating the partition of real property applicable to this case provides that when several persons hold and are in possession of real property as tenants in common, in which one or more have an estate of inheritance or for life or years, any one or more of them may maintain a suit for partition: Hill's Code, § 423. It is necessary, therefore, that plaintiffs show both a legal estate in and possession of the premises sought to be partitioned; and it is the settled law of this state that a deed, though absolute in form, if intended by the parties as a security for a debt, is to be treated as a mortgage, as much so as if it contained a condition that the estate should revert to the grantor upon payment of the debt, and that it vests no title or right to the possession in the grantee, but simply creates a lien or incumbrance on the land: *Anderson* v. *Baxter,* 4 Or. 105; *Hurford* v. *Harned,* 6 Or. 363; *Sellwood* v. *Gray,* 11 Or. 534 (5 Pac. 196); *Thompson* v. *Marshall,* 21 Or. 171 (27 Pac. 957); *Adair* v. *Adair,* 22 Or. 115

(29 Pac. 193). In such case the court looks beyond the terms of the instrument to the real transaction, and when that is shown, will give effect to the contract of the parties; and, whatever may be the form of the instrument, if it was executed as security for a debt, it will be treated merely as a mortgage, and the title and right to possession will remain in the mortgagor until foreclosure and sale: *Odell* v. *Montross*, 68 N. Y. 499; *Shattuck* v. *Bascom*, 105 N. Y. 39 (12 N. E. 283); *Barry* v. *Hamburg-Bremen Insurance Company*, 110 N. Y. 1 (17 N. E 405). From this it necessarily follows that plaintiffs have no legal estate in or right to the possession of the land sought to be partitioned, and cannot maintain a suit for that purpose. The alleged transfer of Harrington to Freeland, and of Freeland to the plaintiffs, of any interest in the premises which might have remained in Harrington after the execution of the deed by him, was wholly ineffectual to transfer title,— *first,* because Harrington had no title which he could convey; and, *second,* if he had, it could not be conveyed by parol: *Peugh* v. *Davis,* 96 U. S. 332; *Marshall* v. *Williams,* 21 Or. 268 (28 Pac. 137).

2. It was urged that in case the court should reach the conclusion that plaintiffs did not have such a title to the property as would enable them to maintain this suit, the court should nevertheless retain the cause, and enforce plaintiffs' lien upon the property, if it should be of the opinion that the debt to secure which the property was conveyed had not been fully paid. A sufficient answer to this position is found in the fact that the complaint contains no allegations upon which such a proceeding could be based; it is in the form used in partition suits, and alleges that plaintiffs are the owners and in possession of the property, and that is the only question presented for decision, and, having reached the conclusion that they are not the owners or entitled to the possession of the prop-

erty described in the complaint, we have no alternative but to affirm the judgment.                    AFFIRMED.