Larter v. Canfield.

ROLAND LARTER

v.

FREDERICK W. CANFIELD et al.

[Filed February 23d, 1900.]

1. Specification of the cause of demurrer is not required where the lack of equity in the bill, in the essentials of the main case presented, is so manifest that it can readily be discovered upon mere perusal.

2. Equity will reform a declaration of trust which the trustee obtained to be accepted by a misrepresentation to the parties interested, whereby his own proportionate share in the trust was increased, so that it shall conform to the true agreement between the parties.

3. A cause of demurrer, based upon a misstatement of the effect of the bill, will be overruled.

4. A demurrer to several parts of a bill will not be sustained, if upon any of the parts to which the demurrer is addressed, the complainant is entitled to relief.

Larter *v.* Canfield.

5. In order that a plea of a former action pending may be sustained, it is necessary that all of the relief to which the complainant may be entitled in the second suit should be attainable in the first, and the remedy there afforded must be equally as beneficial to the complainant as that which he may secure in the second suit.

On demurrer and plea to bill.

*Mr. Frederick Ward,* for the complainant.

*Mr. Edward M. Colie,* for the demurrant.

GREY, V. C.

This bill is filed by the complainant as one of the *cestuis que trust* under a declaration made by the defendant Frederick W. Canfield to the effect that he held the title to certain lands in Essex county, in trust for the use of the complainant, and of Scarlett & Scarlett, incorporated, and of himself in the proportions in which they had contributed to pay the consideration money for the purchase of the lands, which the declaration admitted was $500 by the complainant, $1,500 by the defendant Canfield, and $5,000 by the defendants Scarlett & Scarlett, incorporated ; and that the trustee would account for his disposition or sales of the trust lands, and after payment of the expenses and mortgages, would turn over the balance to the several parties interested in the proportions in which they had contributed the purchase-money. There is another provision in the declaration of trust, by which the trustee declares to the contributors

"that after the mortgage debts are fully paid and satisfied, I will upon their written request convey to them respectively at their expense * * * their respective undivided interests in whatever lands may remain unsold or uncontracted for."

The bill alleges that the complainant paid the $500, his share of the purchase-money, and that Scarlett & Scarlett paid $5,000, their share ; that Canfield, for his own share, put in $1,500, which he represented was his own money, but that in fact, as the complainant has recently discovered, Canfield paid but $500 of his own money, and that the other $1,000 of the money he put in was money proceeding from sales or mortgages of the joint

purchase, which Canfield had collected, and which he fraudulently put into the venture as his own, so that he might secure the larger proportion upon which he could receive future dividends, and that the declaration of trust was accepted by complainant in ignorance of defendant's conduct.

The bill prays that the declaration of trust may be reformed, so that it may declare that Canfield contributed but $500 of said purchase-money, making the total cash investment $6,000; that Canfield's interest in the scheme may be correspondingly reduced; that he may discover the proceeds of sales received by him, and the portions paid out, and that he may be decreed to pay over to the complainant his proper share; that Canfield may be decreed to convey to complainant his undivided interest in the residue of the lands; that a partition be made, or a sale, if partition be impracticable, and a division of the proceeds.

To that part of the bill which prays a reformation of the declaration of trust to make it declare that Canfield contributed but $500, and that his interest in the scheme may be accordingly reduced, and to the part which seeks conveyance of the undivided interest, and a partition or sale of the residue of the lands, the defendant Canfield demurs, and alleges as causes of demurrer—first, that there is no equity in the bill; second, that the bill shows that Canfield did contribute $1,500 of the purchase-money, and that $7,000 in all was paid into the venture; third, that it appears by the bill that the lots were to be held under the terms of the trust until Scarlett & Scarlett and the complainant should, after the mortgages were paid, request in writing a conveyance of their undivided interests in the residue of the lands.

To the portion of the bill which seeks a discovery and accounting for the money received by the defendant from the sales of the trust lands, the defendant pleads the pendency of another suit in this court, wherein Scarlett & Scarlett, limited, is complainant, and the trustee Canfield and the complainant in this suit (Larter) are defendants, which suit, the defendant Canfield states in his plea, is for the same matters and to the same effect and for the like relief as the complainant demands, and sets

forth by that portion of his present bill to which the plea is interposed.

The first cause of demurrer is that no such case is stated as entitles the complainant to any of the relief prayed for, &c. Objection is taken by the complainant to the framing of this cause, for the reason that it in no way specifies any defect in the bill, and that it amounts to no more than a general challenge of the whole case stated in the bill for want of equity. Specification of cause of demurrer is not required where the lack of equity in the bill is so manifest that it can readily be discerned upon mere perusal (*Essex Paper Co.* v. *Greacen, 18 Stew. Eq. 504*), unless the defect is collateral to the main case as when laches is the ground of demurrer. *Van Houten* v. *Van Winkle, 1 Dick. Ch. Rep. 386.* This cause of demurrer would therefore seem to be well expressed so far as a manifest want of equity in the bill is challenged by it.

The substance of the complainant's well-pleaded charge which the demurrer must be held to admit to be true, is that Canfield falsely represented that he had put $1,500 of his own money into the scheme, whereas he had in fact put in but $500 of his own, and the other $1,000 was money already realized by him from the joint venture, and by him used to increase his proportionate share; that this condition of things was unknown to the complainant until shortly before the filing of the bill. The defendant is therefore shown to have represented that he had paid $1,500 of his own money into the scheme in which his fellows each had a proportionate interest (that of Scarlett & Scarlett many times exceeding his own), when in fact he had paid in only $500, but having in his hands another $1,000 which belonged to all the parties in the venture, he, without their knowledge, used this to inflate his actual contribution of $500 up to the apparent sum of $1,500, so that he might claim larger proportionate profits in the output of the plan. The rest of the bill addresses itself to the ultimate relief to be attained by partition, &c.

It is hardly necessary to say that the misuse of trust moneys by a trustee for the increase of his own profit and the reduction

of the profits of his *cestuis que trust,* and the obtaining of the acceptance of a false declaration of a trust, are wrongs which are remediable in equity by the reformation of the trust agreement in accordance with the true relations of the parties. The first ground of demurrer should be overruled.

The second ground of demurrer is that the bill on its face shows that Canfield did contribute $1,500, his full share of the purchase-money, and that the total sum paid in was $7,000. It is true that the bill alleges that Canfield paid in $1,500, but it does not stop with that allegation as does the second ground of demurrer. The bill goes further and shows that of the $1,500 which Canfield paid in, $1,000 belonged to the complainant and his fellows in the scheme, and that Canfield fraudulently used this $1,000 of trust money, falsely representing that the whole of his contribution was of his own funds. He deceived them into the acceptance of the declaration of trust upon a false basis of proportionate profits. The second cause of demurrer does not candidly state the effect of the bill in the particular in question and should be overruled.

The third cause of demurrer addresses itself to a showing that the complainant has no right to demand a conveyance of his proportionate share in the venture; that the terms of the trust agreement provide for a division after the mortgages had been paid, but only upon the joint request of Scarlett & Scarlett and the complainant. The bill does not aver such joint request to have been made.

An examination of the trust agreement shows that the scheme contemplated the improvement of the land by opening streets, laying it out in lots and sales of the lots by the defendant. He covenants and agrees with Scarlett & Scarlett and the complainant as follows:

"After the mortgage debts are fully paid and satisfied, I will, upon their written request, convey to them respectively at their expense, by good and sufficient deeds, their respective undivided interests in whatever lands may remain unsold or uncontracted for," &c.

The defendant insists that the plan partakes of the nature of partnership property, and that a partition would arrest and

30

break up the whole scheme. On this hearing it is unnecessary to discuss the broader effect of the trust agreement. Its express terms require that, as a preliminary to a partition, two things must happen—the mortgage debt must be paid, and both Scarlett & Scarlett and the complainant must in writing request that a conveyance of their undivided proportionate interests be made to them respectively. The bill states that the mortgage debts are paid, but makes no mention of any written request by either the complainant or by Scarlett & Scarlett, or by both of them, for the conveyance of the residue. There are excellent reasons why such a conveyance (which would probably put an end to the further development of the plan) should be made upon the joint request of two at least of the parties, rather than at the individual choice of one. It is unnecessary to discuss these reasons, however, as the terms of the contract definitely express what the parties agreed to do. The court of appeals, in the case of *Scarlett* v. *Linckels, 11 Dick. Ch. Rep. 782,* interpreted the clause now under consideration with relation to the power of Canfield to continue to make sales after the mortgage debts were paid, and held that the power continued until not only the mortgage debts were paid, but until there was a written request of the parties interested to convey to them.

The complainant contends that the defendant's criticism of the bill in this particular has no force because, he says, the fraud of the defendant must be corrected, the true proportions of the parties declared and the agreement be reformed accordingly before there can be any conveyance. But this is not the frame of his bill. There is no allegation whatever that he and Scarlett & Scarlett have in writing requested conveyances to be made either according to their proportion as now expressed or by the trust agreement or after the true proportions shall have been declared by the reformation of the trust agreement. He prays a decree for a conveyance to him of his undivided interest in the residue without any definition of the proportion which shall be the basis of the proposed conveyance.

There are several criticisms to which the complainant's bill is open on this phase of the case, which are not recited as causes

Larter *v.* Canfield.

of demurrer. The prayer for conveyance asks that a deed be made to the complainant for his share of all the property unconveyed, while the trust agreement only provides for conveyance of the lands unsold or uncontracted for. The complainant also asks for a conveyance of his interest to himself without recognizing the right of Scarlett & Scarlett to a conveyance of their proportion at the same time, while the agreement contemplates a conveyance not only to him but to Scarlett & Scarlett as well, leaving the defendant the holder of his individual interest, thus effectually taking all the property out of the trust and enabling each to deal with his share as he likes, without regard to the trust plan.

The complainant's bill does not show that the joint request in writing, which the trust agreement requires as a preliminary to a conveyance of the undivided shares in the residue of the lots, has ever been made, and the third cause of demurrer is a just criticism of that element in the bill which seeks a decree for the conveyance to the complainant of his undivided interest in the residue of the lands and a consequent partition.

But the defendant's demurrer is not single to this element in the bill. It addresses itself as well to the allegations and prayer for the reformation of the trust agreement because of the fraudulent action of the defendant, as to which the complainant, upon the stated facts, is entitled to relief. This element in the bill being included within the demurrer, it is too broad and must be overruled. *Metler* v. *Metler, 3 C. E. Gr. 274.* A demurrer that is too extensive or bad in part must be wholly overruled. *Story Eq. Pl. ¶¶ 443, 692; 1 Dan. Ch. Pl. & Pr. (6th Am. ed.) \*584.*

The defendant, to that part of the bill which seeks a discovery and accounting, files his plea alleging that another suit is pending in this court, in which both the complainant and the defendant are parties, presenting the same matters, to the same effect and for the like relief as the complainant presents in this suit. The plea is framed as a bar to all that part of complainant's bill to which the defendant has not demurred.

To sustain such a plea the whole of the relief sought in the

second suit must be attainable in the first, and the remedy afforded in the first suit must be equally as beneficial to the complainant as that which he may secure in the second. *Way* v. *Bragaw, 1 C. E. Gr. 217, 218.* The former suit brought by Scarlett & Scarlett against Canfield, and making Larter defendant, is pending in this court. In that suit there is no allegation of Canfield's fraudulent contrivance whereby he obtained the acceptance of the declaration of trust recognizing him as the holder of a larger interest than he contributed. Nor is there any asking for a reformation of the declaration of trust accordingly, nor for a re-adjustment of the proportions in which the moneys should be divided, nor for an accounting on the corrected basis. In these particulars none of the relief sought in this case is attainable in the former suit. At the hearing, the counsel for the defendant was asked whether the Scarlett bill sought relief on the ground of the alleged fraud of Canfield in the original contribution to the purchase. He admitted that it did not set up the fraudulent action alleged in this suit, but claimed that as it asked an accounting according to the rights of the parties, it necessarily involved the matters upon which relief is here asked.

The difference between the two cases is clear. Canfield's fraudulent action not being alleged in the Scarlett suit, could not be proved, nor could any relief be granted upon it in that suit. That action asks an accounting and a settlement upon the basis of the trust agreement as it is expressed, without change. This suit seeks to show Canfield's fraudulent contrivance whereby he induced the other parties to accept him as interested to a larger amount than he paid, and thus obtained their acceptance of the declaration that he held a larger proportion in the venture than he was in fact entitled to have. It also asks a decree that the trust agreement be reformed so that the defendant's interest shall be reduced to its true proportion, and for an accounting on that basis. The plea in setting up the Scarlett suit as a bar, is not true in its averment that it is prosecuted for the same matters, to the same effect and for the like relief for which this suit is brought, and should be overruled.

I will advise a decree accordingly, with costs to the complainant.