ABNER A. GRIFFING

v.

A. A. GRIFFING IRON COMPANY et al.

[Filed April 9th, 1901.]

1. A bill filed by a stockholder of a corporation, averring that there are accumulated profits of its business not reserved for working capital under the statute, and praying that its directors should meet and declare a dividend out of such accumulated profits, is not demurrable.

2. A plea intended to present as a defence the pendency of another suit in a court of equity, need not expressly aver that both suits are for the same subject-matter; it will be sufficient if it states facts from which it clearly appears that they are.

3. When such a plea is set down for hearing, its averments must be examined, and if they do not plainly show that the former suit is for the same subject-matter and that the relief sought therein will be as beneficial to the complainant as that he seeks by this bill, the plea must be overruled.

*Mr. Edward S. Griffing,* for the complainant.

*Mr. James P. Northrop,* for the defendants.

THE CHANCELLOR.

The bill of complaint in this cause was exhibited by Abner A. Griffing, the complainant, for himself and all the stockholders of the A. A. Griffing Iron Company, a corporation of this state, against the said corporation and nine persons alleged to be the directors of said corporation.

Complainant thereby charges that he, his wife and son own five hundred and thirty-six out of three thousand shares of capital stock issued by the said corporation, each of the par value of $100; that the accumulated profits of the business carried on by that corporation exceed $225,000; that neither the stockholders nor the directors of the said corporation have fixed or determined the amount to be reserved therefrom as

working capital; that notwithstanding the existence of such profits, the directors have not declared or paid any dividend to stockholders since 1894.

The prayer of the bill is that defendants, who are directors of the said corporation, be decreed to meet and declare a dividend of all its accumulated profits, pursuant to the provisions of the statute, and pay the same to the stockholders.

To this bill the individual defendants filed a demurrer. The corporation interposed a plea, which was set down for argument. The questions thus presented were heard and may be decided together.

The sole ground for demurrer specified therein is that the bill lacks equity.

The purpose of the bill is to enforce, by a mandatory injunction, the duty imposed on directors of corporations by section 47 of "An act concerning corporations (Revision of 1896)" approved April 21st, 1896. *P. L. of 1896 p. 277.* By the provisions of that section directors are required to divide among the stockholders accumulated profits not reserved as working capital by the action of the stockholders, or of the directors, if power to make such reservation has been conferred upon them.

The argument in support of the claim that the bill is lacking in equity is that if the duty devolved by that statute upon directors in the respect in question is merely permissive, the purpose of the relief is a decree to control discretionary action; but if the duty is mandatory, complete relief would be afforded by *mandamus* out of a court of law.

It is obvious that *mandamus* would not furnish complete relief unless, perhaps, in cases where accumulated profits in excess of reserved working capital have been so ascertained and determined as to fix the amount applicable to dividends. In other cases such as that in hand a discovery and accounting is necessary to complete relief.

But in any view of the statutory provisions in question the right to relief in equity by compelling a division of profits among stockholders is, I think, perfectly settled. Such was the view expressed by Vice-Chancellor Pitney, in his opinion in *Fougeray* v. *Cord, 5 Dick. Ch. Rep. 185.* In the court of errors,

Mr. Justice Garrison, in expressing the unanimous opinion of that court for a reversal of some part of the decree advised by Vice-Chancellor Pitney, distinctly approved the view of the jurisdiction of equity in such cases in this language: "The power of the court of chancery to order the directors of a trading corporation to make a division of unused profits when they improperly refuse to do so is undoubted." *Laurel Springs Land Co. v. Fougeray, 5 Dick. Ch. Rep. 756.* The decree made in that case required an accounting for the purpose of settling what remained for dividends, and the court of errors afterward dealt with and approved that act. *S. C., 12 Dick. Ch. Rep. 318.*

Upon this authority I deem the jurisdiction of equity invoked by this bill to be beyond question, and the demurrer must be overruled.

The plea interposed by the corporation defendant is intended as a plea of a pending suit in a court of equity for the same subject-matter as that presented by this bill.

As complainant did not reply to the plea or have it referred to a master, it was properly set down for argument. *McEwen v. Broadhead, 3 Stock. 129; Flagg v. Bonnel, 2 Stock. 82; Davison v. Johnson, 1 C. E. Gr. 112; Miller v. United States Casualty Co., 16 Dick. Ch. Rep. 110.*

A plea of this sort was formerly required to expressly aver that another suit for the same matter, to the same effect and for like relief was still pending in some court of equity. Such a general averment would doubtless be now sufficient. *Dick. Ch. Prec. 98; Blake Ch. Pr. 89; Eq. Draft. 658; 3 Dan. Ch. Pr. 2130; 2 Ibid. 660; Story. Eq. Pl. \*743.*

A plea with only general averments of this sort could not be safely replied to, and the practice was to refer it to a master to report whether the two suits were for the same matter, and whether the first suit was yet pending. *McEwen v. Broadhead, supra; Story Eq. Pl. \*743; Eq. Draft. appendix form 91.* When such a plea is set down for argument, and the proceedings of the former suit are exhibited before the chancellor, either by the averments of the plea or otherwise, he may determine the matter without the delay of a reference. *McEwen v. Broadhead, supra; Davison v. Johnson, supra.* It has, however, been settled in this

Griffing *v.* Griffing Iron Co.

state that the express averment that the two suits are for the same subject-matter need not appear in the plea, provided that it states facts that clearly indicate that they are so. *McEwen* v. *Broadhead, supra; Davison* v. *Johnson, supra.*

The plea before me does not expressly aver that the pending suit which it describes is for the same matter as is the subject of this bill. It is, then, requisite to examine with care the averments of the plea to discover whether its description of the former and pending suit is clearly shown thereby to be for the same subject-matter. *Meeker* v. *Marsh, Sax. 202.*

Here it is to be noticed that the present suit seeks no decree against the defendant which has interposed this plea; yet it is obvious that the relief sought will, in fact, affect that defendant. If therefore it can show that the relief sought, so far as it affects it, has been sought directly from it, in a suit still pending, it seems to me that such a defendant may interpose the bar of a pending suit. The former suit need not necessarily be between the same parties. *Story Eq. Pl.* *738; 1 Dan. Ch. Pr. 660.* A suit against A, which would incidentally afford certain relief, ought, in my judgment, to be barred by a pending suit demanding directly from A the same relief.

The bill in this cause was filed June 10th, 1900, and seeks a dividend out of profits accumulated to be made by the directors.

The bill in the other suit appears, by the statements of the plea, to have been filed August 10th, 1899, in the United States circuit court for the district of New Jersey, in equity by the present complainant against the corporation defendant alone. It is stated to have averred that the corporation was insolvent; that its business was not, and could not, be conducted so as to enable it to pay its debts and carry on its operations with profit; that a further prosecution of its business would tend to further sacrifice, injury and depreciation of the interest of the stockholders, and its prayer is said to be

"that a receiver or receivers of the said corporation be appointed to sequester the funds and assets of the said corporation, to sell its property, to wind up its business, pay its debts and divide the net proceeds among the stockholders of the said corporation."

While the relief thus prayed will undoubtedly operate to accord the complainant and those coming in under this present suit a division of the accumulated profits averred in this bill to exist, it is obvious that such a result will be the mere incident of the relief sought by the bill in the United States court. The purpose of the two bills is diverse—one seeking the winding up and dissolution of the corporation, the other a mere division of its profits discovered and divisible. They are grounded on different matters—one on insolvency or fraud, the other on existing divisible funds. The relief sought in this suit leaves the corporation a going concern; that sought in the former suit will, if accorded, completely strip it of corporate powers. The relief asked in this cannot be accorded in the other suit, nor will the remedy in that suit be as beneficial to complainant as that he seeks in this suit. *Way* v. *Bragaw, 1 C. E. Gr. 213; Harber* v. *Canfield, 45 Atl. Rep. 616.*

Upon these allegations of the plea I do not think that it must be inferred that the previous suit is for the same subject-matter as the present suit.

The result is that the plea must be overruled.