Argued 18 October, decided 4 December, 1906.

### NOBLE *v.* WATKINS.

87 Pac. 771.

MORTGAGES—EFFECT OF DEED OF MORTGAGED LAND BY MORTGAGEE.

Where, as in Oregon, a mortgage on real estate creates only a lien thereon, a deed of the encumbered property by the mortgagee to a stranger does not operate as an assignment of the mortgage as against third persons, unless such deed shows that such an effect was intended.

From Columbia: THOMAS A. McBRIDE, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This suit was commenced on January 26, 1904, by H. E. Noble to foreclose a mortgage given by defendant Watkins and wife to one D. D. Tennyson on certain real property in Columbia County to secure the payment of a promissory note for $800 in favor of Tennyson, dated December 23, 1896, due one year after date, which note and mortgage, it is alleged, were assigned and transferred to the plaintiff by Tennyson on August 1, 1903. After the issues had been made up, but before trial, Florence E. Godfrey, claiming to be an interested party, filed a bill of intervention, by leave of the court, in which she alleged that on January 14, 1904, and before the commencement of the suit, Tennyson, for a valuable consideration, made, executed and delivered to her

"A certain instrument in writing as his certain deed of conveyance and transfer of that certain note and mortgage mentioned in the original complaint herein, together with the debt evidenced and secured by the same, and your orator for a valuable consideration, in good faith, accepted said deed as such

transfer and conveyance of said note, debt and mortgage from said Tennyson, and shortly thereafter, and on the 18th day of January, 1904, duly and properly placed the same on record in said Columbia County, Oregon; that it was the intention of said Tennyson and your orator, at the date of the execution of said deed, to give and receive a formal and legal assignment and conveyance of said note, debt and mortgage, but by mistake and inadvertence the said deed was made and executed and accepted by your orator in good faith, and without notice, or knowledge on her part of any former transfer to or claim by said H. E. Noble, if any in fact there be."

It is then alleged that immediately after the execution and recording of the deed from Tennyson to Mrs. Godfrey she entered into possession of the mortgaged premises with the consent and acquiescence of Watkins, and has ever since remained in the possession thereof; that the alleged assignment and transfer of the note and mortgage from Tennyson to Noble, mentioned in the complaint, was not recorded, and is, therefore, inferior and subject to her claim; that she is now the owner and holder of said note and mortgage, and entitled to foreclose the same. The prayer is that she be substituted as plaintiff in the suit brought by Noble, and for a decree in her favor. A demurrer was sustained to the bill of intervention and a decree entered in favor of plaintiff, from which Mrs. Godfrey appeals.

AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. William Mosby LaForce* and *Mr. James Buchanan Godfrey.*

For respondent there was a brief and an oral argument by *Mr. Richard Ward Montague.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

Several objections are made to the regularity and validity of the decree appealed from, such as that the complaint does not state facts sufficient to constitute a cause of suit, the decree is not supported by the evidence, and the like; but none of them are such as Mrs. Godfrey can raise unless her bill of intervention shows that she has an interest in the litigation which entitles her to be made a party thereto.

It is not entirely clear from some of the allegations of her bill

what she bases her claim to intervene in the pending litigation upon. But, taking all the averments in connection with the admissions of her counsel in their brief, it is founded upon a deed of conveyance from Tennyson of the mortgaged premises. Such a deed did not operate as an assignment of the note and mortgage given by Watkins and wife to Tennyson, nor did it convey any interest in the mortgaged property. In jurisdictions where mortgages convey the legal title, it has been held that a deed of absolute conveyance by the mortgagee of the mortgaged premises will operate as an equitable assignment of the note and mortgage, when at the time of its execution the mortgagee was in possession : 20 Am. & Eng. Enc. Law (2 ed.), 1029; *Welch* v. *Phillips,* 54 Ala. 309 (25 Am. Rep. 679). But where, as in this state, a mortgage on real estate does not convey an interest in the land, but constitutes only a lien or encumbrance thereon (*Anderson* v. *Baxter,* 4 Or. 105; *Sellwood* v. *Gray,* 11 Or. 534, 5 Pac. 196; *Marx* v. *La Rocque,* 27 Or. 45, 39 Pac. 401; *Security Trust Co.* v. *Loewenberg,* 38 Or. 159, 62 Pac. 647), it is clear that an instrument executed by the mortgagee which purports to convey to a stranger the mortgaged property cannot operate as an assignment of the mortgage as against third persons, unless the language of the conveyance is such as to manifest an intention to that end: *Swan* v. *Yaple,* 35 Iowa, 248; *Johnson* v. *Lewis,* 13 Minn. 364 (Gil. 337). Mrs. Godfrey, therefore, had no interest in the mortgage or in the mortgaged property that would entitle her to intervene in the pending litigation.

The averment in the bill that she is the owner and holder of the note and mortgage is manifestly the conclusion of the pleader from the facts stated and cannot be regarded as an averment of a fact.

Decree affirmed.                AFFIRMED.

---

Decided 4 December, 1906.