Argued April 4, affirmed May 20, 1919.

## UKASE INV. CO. *v.* SMITH.

(181 Pac. 7.)

**Partition—Persons Who can Sue—Lienholders.**

1. Under Section 435, L. O. L., providing that the only persons who can sue in partition are those who hold as tenants in common, have an estate of inheritance, or for life or years, or a vested remainder or reversion, a mere lienholder cannot institute such a suit.

Mortgages—Nature of Mortgagee's Right.

2. A mortgagee has no estate or title to realty, but only a lien which is enforceable by foreclosure of his mortgage.

Partition — Relief Incidental to Partition — Encumbrances on Property—Mortgage Lien.

3. Under Sections 422–483, L. O. L., governing the partition of real property, reading together Section 437, making the lien of a creditor or an undivided portion a lien upon the severed portion thereafter, and Section 461, requiring notice to be given that the estate is sold subject to a lien, all that can be done in a suit of partition concerning a mortgage lien is to attach it to the partitioned portion of the property to which it belongs.

Abatement and Revival—Another Action Pending — Identity of Causes of Action.

4. A mortgage foreclosure suit is not abated by a pending suit for partition of the mortgaged premises brought by the mortgagor and to which the mortgagee was made a party defendant, the procedure for foreclosure under Sections 422–434, L. O. L., affording greater relief to the mortgagee than he could obtain in a partition suit, which is intended to adjust rather than enforce the rights of parties, and under which no personal decree against the debtor could be obtained.

Abatement and Revival—Other Action Pending.

5. *Lis pendens* is not a good plea unless the judgment in the first action, in affording the same or greater relief, would bar a judgment in the second.

[As to abatement and revival—Another action pending, see note in Ann. Cas. 1914D, 1007.]

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 1.

The plaintiff brought this suit to foreclose a mortgage given to it by Walter V. Smith and his wife upon his undivided interest in fee in certain real estate described in the complaint. The defendant, Welcome, is made a defendant on the allegation that he is the holder of a tax certificate for taxes assessed and unpaid on Smith's share in the property.

Smith and his wife interposed a plea in abatement to the effect that before the commencement of the instant foreclosure proceeding he had instituted a suit to partition the property to which suit the plaintiff here was made a defendant, and that as such it has

there answered declaring the amount and nature of its lien by virtue of the mortgage in question and contended that the realty could not be divided without material injury to the rights of the parties, in consequence of which the entire estate should be sold and, among other things, that the proceeds of the sale of Smith's portion should be applied to the payment of such judgment as the plaintiff here might recover in its foreclosure suit which was pending at the time its answer was filed.

A demurrer to this plea was sustained by the Circuit Court and, as stated in the brief of the appellant, Walter V. Smith:

"Only one question is presented to the court by the appeal, namely, Can the plaintiff maintain its suit over the objection of the defendants while the partition suit is pending and undetermined?"

AFFIRMED.

For appellant there was a brief over the names of *Mr. A. H. McCurtain* and *Messrs. Bauer & Greene,* with an oral argument by *Mr. McCurtain.*

For respondent there was a brief over the name of *Messrs. Teal, Minor & Winfree,* with an oral argument by *Mr. Wirt Minor.*

BURNETT, J.—Partition of real property is governed by statute. The procedure laid down in this state is part of the Code of 1862, which contains also provisions for the foreclosure of liens upon real property. The latter is delineated in Chapter 5 of Title VI, L. O. L., and the former in the following chapter, L. O. L., Sections 422–483. It is primary learning that all parts of the same statute must be construed together and so that all shall stand if possible.

1. As stated in Section 435, L. O. L., the only persons who can institute a suit in partition are those who hold as tenants in common, and have an estate of inheritance, or for life or years, or by virtue of a vested remainder or reversion in any real property. No mere lienholder can sue in partition. It is required by the following section that the interest of all persons in the property shall be particularly set forth in the complaint, as far as known to the plaintiff.

2. We must remember in passing that in Oregon a mortgagee has no estate or title to realty but only a lien which is enforceable by foreclosure of his mortgage. It is laid down in Section 437 that, at his own election, a plaintiff may prosecute as a defendant a creditor having a lien on the property or any portion thereof. The section concludes with this language:

"When the lien is upon an undivided interest or estate of any of the parties, such lien, if a partition be made, is thenceforth a lien only upon the share assigned to such party; but such share shall be first charged with its just proportion of the costs of the partition, in preference to such lien."

Section 442 is here set down in full:

"If it be alleged in the complaint and established by evidence, or if it appear by the evidence, without such allegation in the complaint, to the satisfaction of the court, that the property or any part of it is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof, and for that purpose may appoint one or more referees. Otherwise, upon the requisite proofs being made, it shall decree a partition according to the respective rights of the parties, as ascertained by the court, and appoint three referees therefor, and shall designate the portion to remain undivided for the owners whose interests remain unknown or not ascertained."

Thus far it is plain that the normal result of a suit in partition is to divide the property as it stands, making the liens upon hitherto undivided portions a charge thereafter only upon tracts designated as the property of the lien debtors. Such a conclusion is the rule. A sale of the property is the exception.

It remains to be seen by an examination of the statute whether the result, as to a mortgage lien, is changed by the subsequent sections of the enactment. It is true that by Section 440 a lien creditor defendant is required to declare in his answer how his lien is created, the amount of the debt secured thereby and remaining due and whether such debt is secured in any other way, and if so, the nature of such other security. The reason for the requirement respecting the nature of the other security is found in Section 457, which gives the court the power to require such a lien creditor to marshal his securities, exhausting other assurances for the payment of his debt before attacking the undivided interest in the land which is made the subject of partition. The reason for calling upon the lien creditor to declare the amount of his lien is that under Section 437 the court may declare the amount of the lien which thenceforward attaches to the portion of the land set apart to the lien debtor. By Section 444 a decree confirming a partition is binding and conclusive on parties who have an interest in the estate as owners in fee, or as tenants for life or for years, or as entitled to the reversion, remainder, or inheritance of such property or any part thereof after the termination of a particular estate therein, etc. This category does not include mortgage lienholders, for, as already pointed out, such persons have no estate in the realty sought to be partitioned. Indeed, Section 445 expressly declares that the decree and partition shall not

affect any person except such as are specified in the preceding section. Section 447 provides that if the court is satisfied from the report of the referee that the property or any separate part thereof is so situated that a partition cannot be made without great prejudice to the owner, it then can make a decree directing the referees to sell the same or any part thereof. In that event, as required by Section 449, before making the order of sale, if lien creditors, other than those by judgment or decree, have not been made parties, they must be made defendants on motion of either of the original parties. By the following section the plaintiff may produce the certificate of the county clerk, showing unsatisfied liens by judgment or decree affecting the property, or any part thereof, and unless this certificate is furnished the court may appoint a referee to ascertain the amount and priority of such judgment liens. Notice to such creditors may be served and a procedure is prescribed to be observed before the referee in ascertaining the amount of such liens as arise from judgment or decree. Manifestly, this procedure does not include more than the liens of the latter class and excludes the consideration of liens by mortgages.

We note that under Section 456:

"The proceeds of the sale of the encumbered property shall be distributed by the decree of the court, as follows:—

"1. To pay its just proportion of the general costs of the suit;

"2. To pay the costs of the reference;

"3. To satisfy the several liens, in their order of priority, by payment of the sums due, and to become due, according to the decree;

"4. The residue among the owners of the property sold, according to their respective shares."

In our judgment, the liens mentioned in the order of distribution refer to those already adjudicated by a judgment or decree. It is provided in Section 458 that the proceedings to ascertain the amount of the liens, as already stated, shall not delay the sale nor affect any other party whose rights are not involved in such proceedings. It is said in Section 461:

"All sales of real property made by the referees shall be made by public auction to the highest bidder, in the manner required for the sale of real property on execution. The notice shall state the terms of sale, and if the property or any part of it is to be sold subject to a prior estate, charge, or lien, that shall be stated in the notice."

A sale may be made on credit: Section 462. Securities may be taken by the referee for the payment of the purchase price: Section 463.

3. Reading together, as we must, Section 437, making the lien of a creditor on an individed portion a lien upon the severed portion thereafter, and Section 461, requiring notice to be given that the estate is sold subject to a lien, we conclude that all that can be done in a suit or partition respecting a mortgage lien is to attach it to the partitioned portion of the property to which it belongs. If it is to be foreclosed in the partition suit there would be no reason for announcing to the purchaser that the land it affects will be sold subject to its lien; for the very purpose and scope of a foreclosure sale is to divest the property from the lien and pass it unencumbered to a purchaser. The partition statute is utterly silent respecting the enforcement of a mortgage lien. The whole purpose and intent of the partition procedure is to adjust rather than to enforce the rights of the parties. The reason for the distinction made in the statute between liens by judgment or decree and other liens is that the amounts of the former have already been adjudicated,

the issues have been determined and nothing remains to be done except to enforce the decree. The ministerial act of the county clerk in certifying to their existence is sufficient to ensure their liquidation out of the proceeds of sale. On the other hand, the validity of and the amount due on a mortgage are yet to be determined. More than that, there is a wide difference between declaring and establishing a right of a party respecting a tract of land and the enforcement of that right. It is true the Ukase Investment Company as defendant in the partition suit asks for a sale of the property; but the reason it gives is that the realty cannot be divided without prejudice to the owners. Moreover, the complaint there states that the company is the owner in its own right of one third of the land and in that character it may urge the sale instead of division of the tract. It also prays that the share of Smith in the proceeds of sale be applied towards satisfaction of any judgment it may thereafter obtain against him in the foreclosure suit; but this falls far short of seeking foreclosure in the partition proceeding. It only means that if the company becomes a judgment creditor, as it may by final decree in foreclosure, it can share as such, in the distribution prescribed in Section 456. This is quite consistent with the sale in partition of Smith's part subject to the mortgage as authorized by Section 461. In other words, in its character as a judgment creditor the company would be entitled to its distributive share of whatever Smith's share would bring subject to the mortgage, and besides, as mortgagee might sell on foreclosure as against the purchaser for the balance of the debt remaining unpaid.

4. We come then to the question, already stated, whether this mortgage foreclosure suit can be main-

tained while the partition suit is yet undetermined. In other words, Will the partition suit abate the foreclosure suit? The matter is thus treated in 1 C. J. 72:

"As has also been stated, one of the generally recognized tests of the identity of causes of action is this: Is full and adequate relief obtainable in the prior suit? If it is, then the second suit is unnecessary and vexatious and should abate; but it is otherwise if the whole relief sought in the second suit is not obtainable in the first. If the relief which may be given or the remedies available in the second suit are more extensive than can be attained in the first, a plea to the second suit of the pendency of the first is not good. The rule in equity is the same as at law, that the plea of a prior suit pending can be pleaded when, and only when, all the relief sought in the second action is obtainable in the first."

5. The principle seems to be that *lis pendens* is not a good plea unless the judgment in the first action would bar a judgment in the second: *Foster* v. *Napier,* 73 Ala. 595; *Dick* v. *Gilmer,* 4 La. Ann. 520; *Martin* v. *Splivalo,* 69 Cal. 611 (11 Pac. 484); *Gilpin* v. *Carroll,* 92 Md. 44 (47 Atl. 1021). The rule is otherwise stated thus: If more relief can be had in the second suit than in the first, the latter will not support a plea in abatement of the former: *Larter* v. *Canfield,* 59 N. J. Eq. 461 (45 Atl. 616); *Jordan* v. *Underhill,* 91 App. Div. 124 (86 N. Y. Supp. 620); *Reis* v. *Applebaum,* 170 Mich. 506 (136 N. W. 393); *Griffing* v. *Griffing Iron Co.,* 61 N. J. Eq. 269 (48 Atl. 910); *Carr* v. *Lyle,* 126 Mich. 655 (86 N. W. 145). Or, as stated in *Way* v. *Bragaw,* 16 N. J. Eq. 217 (84 Am. Dec. 149):

"To abate the second suit, the remedy in the first must be coextensive, and equally beneficial to the complainant."

Recurring to the provisions of Chapter 5 of Title VI we find that a lien upon real property, other than that

of a judgment or decree, shall be foreclosed and the property adjudged to be sold to satisfy the debt secured thereby by a suit. In such a proceeding the lien creditor may recover a personal decree against the debtor, which, under certain circumstances, may be satisfied out of other property belonging to the debtor. No provision for such relief is authorized by the partition procedure. In foreclosure a sale for the satisfaction of the decree may be compelled at the suit of the plaintiff and it is for cash, subject, of course, to the right of redemption as upon sale by execution. Whether a sale shall be made at all and if made the terms thereof are subject to the discretion of the court in a partition suit with the restriction that the court cannot order a sale unless it shall be made to appear that actual partition of the land cannot be made without detriment to the owners. Under such circumstances the mortgagee is not bound to surrender his remedy by foreclosure at the option of any tenant in common who desires to partition the land and much less if the latter also happens to be the mortgagor. When the latter gave the mortgage it was subject to the provisions of the statute respecting the foreclosure coupled with a personal judgment against himself. He cannot circumscribe or hinder this right of the mortgagee by mere election to make him a party defendant in a partition suit. In brief, the established procedure for foreclosure affords greater and more efficient relief to the creditor than he can obtain in a partition suit, the primary object of which is to adjust rather than to enforce the rights of the parties. For this reason, if for no other, the foreclosure is not to be abated by the partition. The decree of the Circuit Court is affirmed.    . AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.