Argued November 10; modified December 21, 1937

# CRAIG *v.* MAHER ET AL.

(74 P. (2d) 396)

Department 2.

*MacCormac Snow* and *William A. Carter*, both of Portland, for appellant.

*Guy L. Wallace*, of Portland, for respondent.

RAND, J. The plaintiff, John J. Craig, a lawyer who resides in Los Angeles, brought this suit, praying for the partition of two parcels of land located in the city of Portland, one being an apartment house property the other a city lot, and both parcels being owned by the same persons. In his complaint, he alleged that he was the owner of an undivided one-fifteenth interest in both parcels.

Plaintiff acquired his interest in the property in the following manner: Lillian E. Cohn, who owned both of said parcels at the time of her death, died intestate on September 21, 1932, leaving as her sole heirs at law and next of kin two sisters, Matilda G. Maher and Marie Stanford, and one brother, Walter F. Breen, who were made defendants in the suit. The first named lived in Portland and the other two in Los Angeles. Mrs. Maher was duly appointed as administratrix of her sister's estate on October 11, 1932, by the probate department of the circuit court for Multnomah county, Oregon. About one year following Mrs. Maher's appointment and on October 10, 1933, Mrs. Stanford, the other sister, became mistrustful of the manner in which Mrs. Maher was carrying out her trust and on that day employed the plaintiff to appear for and represent her in the administration proceedings then

pending in Multnomah county. At that time she entered into a written contract with plaintiff, agreeing to pay him one-fifth of her one-third interest in the estate property when received by her upon the final settlement and distribution of the estate. Under said employment, the plaintiff wrote a number of letters and performed some minor services in connection with the estate matter for Mrs. Stanford. On March 11, 1934, at the request of the plaintiff, Mrs. Stanford executed and delivered to him, and had the same acknowledged before a notary public, a written assignment, reading as follows:

"IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF MULTNOMAH, DEPARTMENT OF PROBATE

In the Matter of the Estate
    of Lillian E. Cohn            No. 35447
         Deceased.     Assignment of Interest.

Be it known that I, Marie Stanford, in consideration of services performed, do hereby sell, transfer, set over and assign unto John J. Craig, of Los Angeles, California, a one-fifth interest of all of my interest in the estate of Lillian E. Cohn, deceased.

I hereby authorize distribution direct to him of such portion of said estate.

              (Signed) Marie Stanford."

Said instrument was duly recorded on April 5, 1934, in the record of deeds for Multnomah county.

On August 6, 1934, by order of the probate court, Mrs. Maher's final account was duly approved and she was discharged and an order of distribution was made, distributing to Mrs. Stanford an undivided four-fifteenths interest in each of said parcels sought to be partitioned herein, and to the plaintiff an undivided one-fifteenth interest therein, as had been requested by Mrs. Stanford in her written assignment above referred to.

Mrs. Stanford answered plaintiff's complaint in this suit, setting up in her first amended answer as her sole defense therein that she had been induced to enter into the original contract with plaintiff and said written assignment by certain false and fraudulent representations made to her by the plaintiff at the time of his employment by her as to what he could do or would do, if employed, in getting an early settlement of the estate and the distribution to her of her proportionate part thereof.

These allegations were denied by the reply and the cause was then tried and, after the testimony had been taken, the trial court found that Mrs. Stanford had wholly failed to substantiate any the charges of fraud made in her first amended answer, but the trial court was not satisfied, under the evidence offered by the plaintiff, that one-fifth of Mrs. Stanford's interest in her share of her sister's estate was a reasonable charge for the services performed by the plaintiff and thereupon, on May 28, 1936, by consent of the plaintiff expressed in open court, entered an interlocutory decree, awarding judgment to the plaintiff in the sum of $1,000 and the further sum of $150 as attorney's fees, and further ordered that plaintiff's judgment be paid and satisfied on or before 60 days from the date thereof, in default of which leave was granted to the plaintiff to apply to the court for judgment and decree as prayed for in his complaint.

This action by the court Mrs. Stanford assigns as error. Her argument is that there was no issue under the pleadings which entitled the court to make such order.

As stated, the plaintiff consented to the entry of the interlocutory decree and he is not appealing therefrom. Without such consent upon his part and upon an

appeal by him, a wholly different question would be presented.

■ In an action to enforce a contract of employment, if the contract is valid, the question is, of course, not how much work was done, nor the value of the services performed, but whether the contract itself has been performed. The defendant Stanford, however, is in no position to invoke that rule. Under the allegations and the prayer of the complaint, the plaintiff was seeking to obtain a decree for the sale of the property, but its character being such that it could not be partitioned among the several owners without prejudice to some of them, it was necessary that the property be sold and the proceeds thereof distributed among the several owners of the property, in order to grant the relief prayed for by the plaintiff in his complaint. From the report of the referees appointed by the court and filed in the suit, the total value of the two parcels was estimated to be in excess of $44,000 and, hence, if plaintiff had been awarded the relief prayed for he would have received from the sale of the property approximately $3,000 instead of the amount awarded under the interlocutory decree. From this it follows that the rights of Mrs. Stanford have not been injured and she is in no position to complain.

■ In justification of the trial court's action, it must be borne in mind that the right to a partition of property is not, under all circumstances, an absolute right and that, when it is inequitable to grant that relief, the court, in the exercise of a proper discretion, will be warranted in refusing the relief and may grant such relief as is equitable, if within the scope of the pleadings. For these reasons, this particular objection cannot be sustained.

Instead of complying with the provisions of the interlocutory decree, and long after the time therein granted for the payment of the judgment had expired, and also after a motion had been made for a decree as prayed for in plaintiff's complaint and as provided in the interlocutory decree, Mrs. Stanford, through her attorney, moved the court for leave to file a second amended answer, setting up as a defense to the complaint that the contract entered into by her and the plaintiff was champertous and that, because thereof, the plaintiff had no valid interest in the property sought to be partitioned, or in the proceeds to be realized from a sale thereof, and further praying that the plaintiff's suit be dismissed.

There was no showing made which would excuse Mrs. Stanford's failure to set up that defense, if it existed, in her first amended answer and before the cause had been tried and the interlocutory decree rendered. If the contract was champertous as claimed by her at that late date, she was aware of that fact a long time before she had filed any answer in the case. Notwithstanding this, she let the case go to trial without moving to amend her answer and gambled on the possibility of defeating plaintiff's claim by alleging fraud. Having lost that defense, she sought to interpose an entirely different defense and upon entirely different grounds. Her motion to file a second amended answer was denied and she now assigns that ruling as error.

Under section 1-906, Oregon Code 1930, it is provided that:

"The court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party, or other allegation material to the cause; and in like manner and for like reasons

it may, at any time before the cause is submitted, allow such pleading or proceeding to be amended, by striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved.'' ·

3–5. Under the provisions of that statute Mrs. Stanford's motion for leave to file the second amended answer was properly denied and it would have been error had the court allowed the second amended answer to be filed. But had the second amended answer been filed and a retrial been granted, the proposed defense would have been bad for the reason that the contract which plaintiff entered into with the defendant Stanford was a contract of employment under which he agreed to appear for and represent her in the estate proceedings and was made at the time the relationship of attorney and client first came into existence. It was not a contract made between an attorney and his client after the relationship had once been established. It amounted merely to a contract to pay a contingent fee for services to be performed by the plaintiff under a contract of employment. That an attorney may contract for the measure of his compensation before entering on the business of his client and that a contract thus made will stand on the same footing as any contract between other persons competent to contract, is too well settled to require the citation of any authority for its support.

A careful reading of the written contract entered into at the inception of the relationship of attorney and client between the plaintiff and Mrs. Stanford and of the written assignment shows that the assignment did not add any additional burden or give to the plaintiff any additional rights which were not granted by the

contract under which the relationship between them was first brought into existence. It was said in the early case of *Dahms v. Sears,* 13 Or. 47, 62 (11 P. 891), that:

"* * * An attorney, under our system, has a right to contract for a contingent fee, or for a percentage upon the amount recovered, but he cannot lawfully purchase a claim for the consideration that he will prosecute it in his own name for a part of the amount recovered. He has no right to become attorney and client at the same time. The courts will not aid him to carry out any such questionable scheme or recognize the legitimacy of the attempted speculation."

It is unnecessary to consider how far the doctrine of that case in respect to other questions has been modified by more recent decisions of this court in champerty cases.

So far as the doctrine of champerty applies in this case, the rule, we think, is clearly stated in *Brown v. Bigne,* 21 Or. 260, 266 (28 P. 11, 28 Am. St. Rep. 752, 14 L. R. A. 745), as follows:

"* * * The doctrine of champerty is directed against speculation in lawsuits and to repress the gambling propensity of buying up doubtful claims. It is not and never was intended to prevent persons from charging the subject matter of the suit in order to obtain the means of prosecuting it: 1 Addison on Cont. 392; Stotsenburg v. Marks, 79 Ind. 193."

If this defense could be maintained under the facts proved in this case, then all attorneys would be banned from taking cases on a contingent fee. Such was not the doctrine of champerty, nor is it the law of this state.

As heretofore stated, the trial court, by its interlocutory decree, awarded to plaintiff a judgment for $1,000 and allowed the sum of $150 as attorney's fees and fixed 60 days within which the defendants could

pay said sums without a sale of the property being had and also provided that, if the defendants failed to pay said sums within said time, the plaintiff could apply to the court for a decree of partition. These sums have never been paid. While we affirm the action of the trial court in respect to all these matters, in order to carry out its intent to so limit the rights of the plaintiff, we hold that the defendants shall have 60 days from the time the mandate of this court is filed in the lower court in which to pay said sums with interest on each thereof at the rate of 6 per cent per annum from and after the 27th day of July, 1937. If said amounts are not so paid to the plaintiff or to whoever may be entitled thereto, within said time, it is hereby ordered that, upon the expiration of said period, one or more of said parcels shall be sold at public auction and, from the moneys received from such sale, the plaintiff shall be paid said sums, with interest thereon as above stated, upon plaintiff's execution and delivery of a good and sufficient deed of conveyance to Mrs. Stanford, for all of his right, title and interest in both parcels of land, the deed to be tendered into court at the time the money is so paid, whether voluntarily and before sale or from the sale as the case may be.

To this extent the decree appealed from will be modified, in all other respects, it will be affirmed.

BEAN, C. J., and BELT, J., concurring.

BAILEY, J., dissenting.

---

BAILEY, J. (dissenting). I am utterly unable to understand the reasoning by which the circuit court and this court have reached the conclusion that the plaintiff is entitled to a lien on the defendant Marie Stanford's

interest in certain real property in Multnomah county to the extent of $1,000 and the further sum of $150, attorney's fees, and why after arriving at that conclusion it is deemed necessary to sell the two entire tracts of land to pay to the plaintiff the sum for which the circuit court and this court have decided that the defendant Marie Stanford is indebted to him.

This proceeding was instituted by the plaintiff, under claim of being the owner of an undivided one-fifteenth interest therein, to have two tracts of real property in Multnomah county partitioned, or sold if incapable of partition. The defendants, with the exception of Allen H. McCurtain, are alleged to be the owners of the remaining undivided fourteen-fifteenths interest in the land. The plaintiff claims ownership of a one-fifteenth interest by virtue of a deed from Marie Stanford, who attempted to have said deed set aside on the ground of alleged fraud. Both the circuit court and this court have determined that the defendant Marie Stanford has failed to support her allegations of fraud and that the plaintiff is the owner of an undivided one-fifteenth interest in the two tracts of land here involved.

Even though the circuit court may believe, and therein be affirmed by the majority opinion of this court, that it is doing practical justice between the plaintiff and the defendant Marie Stanford by entering a judgment or decree in favor of the plaintiff in the sum of $1,000 plus $150, attorney's fees, and decreeing that the total thereof be a lien on that defendant's interest, rather than permitting the plaintiff to have set aside his proportionate amount of the money realized from a sale of the property on partition, nevertheless I know of no power or right in the circuit court or this court to

substitute for the deed from defendant Stanford to the plaintiff an agreement on the part of that defendant to pay to the plaintiff a reasonable amount as attorney's fee, and in addition to allow plaintiff a further attorney's fee in this case to establish his right to the original fee.

The plaintiff has agreed to accept the sums named, in lieu of having the land partitioned or sold, but the defendant Stanford has not given her consent to a settlement on the basis suggested by the circuit court. It may be to her advantage to pay the plaintiff these sums of money, in the event that the two entire tracts of land later be sold for $30,000 or more, as suggested by the plaintiff; but that does not justify the court in fixing a more or less arbitrary monetary value on an undivided interest in land and providing that the amount so determined shall be paid out of any one party's share of the proceeds of sale of the land. We are not here concerned with the amendment of section 6-601, Oregon Code 1930, by chapter 415, Oregon Laws 1937, which permits the court, under certain conditions, to determine the value of the interest owned by the party seeking a partition, for the reason that the conditions therein referred to are not here present, and for the further reason that that amendment was not effective at the time the decree herein was entered in the circuit court.

If I read correctly the decree appealed from, it is to the effect that if the defendant Stanford does not pay to the plaintiff the $1,150 to which the circuit court has decreed him entitled, then the two tracts of land involved in the partition suit are to be sold. The question naturally arises why, if the amount decreed to be due the plaintiff from the defendant Stanford is an indebtedness owing him by that defendant, it is neces-

sary to sell anything more than that defendant's undivided interest in the land to pay such indebtedness. The other co-tenants are not desirous of having the property sold, and a judgment creditor of one co-tenant has no right as such judgment creditor to maintain a suit for partition: *Marx v. La Rocque,* 27 Or. 45 (39 P. 401); *Ukase Investment Co. v. Smith,* 92 Or. 337 (181 P. 7).

In my opinion, the decree appealed from should be reversed and the cause remanded with instructions to proceed with the partition of the land in which the plaintiff has been found to be the owner of an undivided one-fifteenth interest.